MILLER and others, Appellants, vs. McNAIR, Respondent.

*February 24 — March 16, 1886.*

ATTACHMENT: FRAUDULENT CONVEYANCE.  *(1, 2) Traverse of affidavit: What the issue may include: Intent of party to whom property transferred.  (3) Evidence of fraudulent intent.*

1. The issue raised by the traverse of an affidavit for an attachment cannot embrace the question of the liability of the defendant or of the amount thereof.   Sec. 2745, R. S.
2. Where the ground alleged for an attachment is that the defendant has disposed of or is about to dispose of some of his property with intent to defraud his creditors, the intent of the persons to whom such property has been or is about to be disposed of, is immaterial.
3. Evidence (stated in the opinion) is *held* to show clearly an intent to defraud creditors in the disposition of the defendant's property, and not to sustain a finding of the trial court to the contrary.

APPEAL from the Circuit Court for *Winnebago* County.

Attachment.   The action was brought upon a demand not yet due, pursuant to the statute.   The ground for an attachment stated in the affidavit was that " the defendant has assigned, conveyed, disposed of, or concealed, or is about to assign, convey, dispose of, or conceal, some of his property, with intent to defraud his creditors."   The defendant traversed the affidavit, denying each and every allegation thereof " except the alleged liability and the amount thereof."

The evidence given upon the trial of the issue raised by the traverse is sufficiently stated in the opinion.   The circuit court found that none of the allegations contained in the affidavit were true at the time of the making thereof except the indebtedness therein alleged, the amount thereof, and the time when the same would become due.   From the order entered sustaining the traverse the plaintiffs appealed.

For the appellants there was a brief by *Houghton & Haddock,* and oral argument by *Mr. Houghton.*

For the respondent there was a brief by *Weisbrod, Harshaw & Nevitt*, and oral argument by *Mr. Weisbrod*. They contended, *inter alia*, that no; one except a creditor of the vendor at the time of the alleged fraudulent sale can attack it. The indebtedness cannot be established by the affidavit for an attachment, and will not be presumed, but must be shown affirmatively. *Jones v. Lake*, 2 Wis. 210; *Eaton v: White*, id. 291. To impeach the sale for fraud, both the vendor's fraudulent intent and the vendee's knowledge of it (or of circumstances which charge him with the duty of inquiry) must be shown. *Hopkins v. Langton*, 30 Wis. 379; *Mehlhop v. Pettibone*, 54 id. 652; *Evans v. Rugee*, 57 id. 623. If a creditor, knowing that his debtor is in failing circumstances, takes a transfer of such debtor's whole property with an honest design of the payment of the debt due himself, and without any intent to defraud other creditors, the transfer is valid as against them. *Gage v. Chesebro*, 49 Wis. 486; *Allen v. Kennedy*, id. 549; *Carter v. Rewey*, 62 id. 552.

ORTON, J. This appeal by the plaintiffs is from the order of the court sustaining the traverse of the affidavit in attachment. The ground for the attachment stated in the affidavit was "that the defendant has assigned, conveyed, disposed of, or concealed, or is about to assign, convey, dispose of, or conceal, some of his property, with intent to defraud his creditors." The question raised on the argument by the learned counsel of the respondent as to the debt not being due when the affidavit was made, or as to whether it existed when the defendant had disposed of, or was about to dispose of, his property with intent to defraud his creditors, cannot be raised or decided on the traverse. "The alleged liability and the amount thereof," are specially excepted from the issue to be tried, by sec. 2745, R. S. The issue is a special one, confined to the other facts stated in the affidavit. The only questions to be so tried by the court without a jury are, Had

the defendant done the act, or was he about to do the act, charged, with intent to defraud his creditors generally? The statute means just what it says, and it cannot be enlarged or limited by construction, because it confers on the court a special jurisdiction.

The language of the statute also disposes of another question raised by the learned counsel of the respondent as to whether the plaintiff must prove that the person or persons to whom the defendant had disposed of, or was about to dispose of, some of his property, with intent to defraud his creditors, had or have or will have the same intent in obtaining it, or participated or will participate in such intent of the defendant. The bare statement of the proposition, in connection with the language of the statute, answers the question. It is the intent of the defendant alone that is in question. The person to whom he had so conveyed, or was about to convey, some of his property, is not a party to the action, and has no day in court on the issue of his intent, and such person need not be named in the affidavit. The adjudication upon this issue cannot affect any right of property of such person. But if such property is taken by the writ, he may bring his action therefor, and in such action his intent may be a material question. The sale or other disposition of his property by the defendant with intent to defraud his creditors may or may not be void. That is not the question here. Had the plaintiff a right to his attachment? is the only question here; and he certainly had if the defendant had disposed of or was about to dispose of some of his property with intent to defraud his creditors.

The authorities cited by the learned counsel, making a sale void for fraud, in which fraud both of the parties must have participated, are inapplicable to this case. The issue tried was purely one of fact, and must be disposed of here upon the facts in evidence. To warrant this court in reversing the finding and order of the circuit court on this traverse,

the evidence that the defendant had disposed of, or was about to dispose of, some part of his property with intent to defraud his creditors, should be strong and preponderating. It may be that the circuit court agreed with the learned counsel of the respondent, and held, as he now claims, that the evidence must be sufficient, in respect to the intent of the vendee to defraud or to his participation in the intent of the defendant to defraud his creditors, to render the sale void.

On the real question of the intent of the defendant to defraud in his sale to Hollister, the evidence is so strong and convincing that we cannot resist the conclusion that he had such intent in making such sale. It is very seldom, if ever, that the evidence of an intent to defraud creditors by an insolvent debtor in making a sale of his property has been stronger than in this case. The defendant was insolvent, and evidently knew it. He owed $4,150, and his entire stock of goods was valued at $3,000 only. He was being pressed by his creditors. He owed Hollister $650 by note. He sold to Hollister his entire stock in trade of the above value, and a judgment he held against one Bemis of $500, which comprised his entire property except that which was exempt, for the sum of $3,150,— for the consideration of said debt to Hollister, and of Hollister's assumption to pay a debt he pretended to owe to his brother of $1,000, and of the balance of $1,500 in cash. On the same day he had mortgaged his entire stock to his brother to secure the said $1,000. Soon after this sale the defendant told those representing some of his creditors "that he would give his creditors twenty-five cents on the dollar, and that they might take that or nothing, just as they chose; that if he had not got matters fixed *so they could not disturb him*, it was his own fault and nobody else; *that he had tried to do it;*" and he caused letters to be written to the plaintiffs and to other creditors in which he said he would pay and could pay only

twenty-five cents on the dollar of his debts.     Afterwards he stated on oath, on his examination before a court commissioner in supplementary proceedings, that he then had only $80 left; that he had $200 in bank at the time Hollister paid him the $1,500, and that he had gambled it away.     This evidence would seem to be nearly or quite as conclusive that the defendant made that sale with intent to defraud his creditors as if he had testified directly that such was his intent.     His losses by gaming subsequently may not be evidence that he was about to dispose of his property with intent to defraud his creditors, but it is evidence of his depraved and reckless character, and his wicked disregard of the rights of his creditors, perfectly consistent with his fraudulent intent in making the sale; and his offer of twenty-five cents on the dollar of his debts, when he had the money on hand to pay three times as much, confirms his impudent threat that "they might take that or nothing, just as they chose," and *executes* his intent so clearly expressed in the boast that "if he had not got matters fixed so they could not disturb him, it was his own fault; that he tried to do it."

It is quite clear to us that the circuit court ought to have found in favor of the plaintiffs on the issue of the traverse of the affidavit, and sustained the attachment, and taxed the plaintiff's costs of the trial of said issue as disbursements in the action.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to enter such finding for the plaintiffs, to make the proper order, and to so tax their costs according to the statute in such case made and provided.