GOODWIN, Appellant, vs. SNYDER, Respondent.

*December 10, 1889 — January 7, 1890.*

*Fraudulent conveyance: Attachment: Evidence:* Res adjudicata.

In an action against a sheriff for the conversion of personal property
taken by him under an attachment against the property of the
plaintiff's vendor, and afterwards sold on execution, a judgment
in the attachment suit, sustaining the attachment on the ground
that the sale to the plaintiff was fraudulent, is not admissible in
evidence, on the question of the validity of the sale to the plaint-
iff, to show the fraud on the part of his vendor.

APPEAL from the Circuit Court for *Waukesha* County.
The facts are stated in the opinion. There was a verdict
for the defendant, and from the judgment entered thereon
the plaintiff appeals.

For the appellant there was a brief by *Parks & Robin-
son,* and oral argument by *Warham Parks.*

For the respondent there was a brief by *Shepard & Shep-
ard,* attorneys, and *Edward W. Frost,* of counsel, and oral
argument by *Mr. Frost.*

ORTON, J. The facts necessary to this decision are sub-
stantially as follows: One George P. Goodwin owned a
stock of goods and merchandise, and sold the same to the
plaintiff, his brother, for the nominal value thereof, and
took his notes therefor, and gave him a bill of sale, and he
was in possession under said sale when the defendant, as
sheriff, seized the same by virtue of writs of attachment in
his hands against the said George P. Goodwin, in favor of
certain creditors of his, and afterwards sold the same, after
judgment, under executions issued thereon; and this action
is for the value of said goods so taken. The defendant jus-
tified the taking under said attachments, and the sale under
said executions, alleging that said sale by said George P.

Goodwin was fraudulent and void as to his creditors, having been made with the intent to hinder, delay, and defraud them. This was the sole issue, and there was much testimony tending to support it.

On the trial the defendant offered in evidence the full records in the attachment cases in which the goods were taken, including the affidavits of the plaintiffs therein that the said George P. Goodwin, the defendant, had conveyed and disposed of his property with intent to hinder and delay his creditors, and the finding and judgment sustaining said attachments on the trial of the issue on the traverse of said affidavits. These records, on objection of the plaintiff, were received in evidence to prove the fraud on the part of the plaintiff's vendor. The court not only admitted the records for such purpose, but instructed the jury as follows: "Now, that you may understand the precise issue, the case has already been tried involving the question whether, on the part of George P. Goodwin, this transaction was for the purpose of hindering or delaying his creditors. That was tried, so far as he was concerned, and decided by the court that it was fraudulent as to him; and that judgment, not having been reversed or appealed from, stands in the case, so far as George is concerned, as a valid judgment, and the transaction was fraudulent and void so far as he was concerned."

The admission of this evidence, so impressed upon the jury, was clearly erroneous. To impeach this sale for fraud, both the vendor's fraudulent intent and the vendee's knowledge of it must be shown. *Hopkins v. Langton*, 30 Wis. 379. The issue in this case involves both of these propositions, and both must be proved to impeach the sale. Admitting this record as conclusive proof that the first proposition is true, leaves the other proposition only to be proved. The first cannot be questioned. This took away more than half of the defendant's burden of proof. It left

him to prove only that the plaintiff knew that his vendor intended to defraud. The vendor's fraud was proved in these other cases in which the plaintiff was not a party, and yet he is held bound by the adjudication. The plaintiff was not a party in those cases, and could not be. *Howitt v. Blodgett*, 61 Wis. 376. George P. Goodwin, the defendant in those cases, is not a party to this. Having assumed that George intended to defraud, and held that no proof was necessary of that fact because it was already established in the attachment cases, the jury might easily presume, without other proof, that the plaintiff knew it.

It was incumbent upon the plaintiff, and his right, in defense of his property in this suit, to prove that the said George P. Goodwin did not intend to defraud his creditors by this sale to him, but this right is denied him. He can show nothing to impeach that judgment. That question is disposed of and is out of the case; and the plaintiff is bound by an adjudication to which he was not a party. The plaintiff has never had his day in court on that most important question in his case, and his right of trial of it is denied him. To make such record of a former adjudication evidence in a subsequent case, the subject matter must not only be the same, but the parties must be the same. But here the subject matter, even, is not the same. The issue here is the *validity* of that sale. In the former case it was merely the intent to defraud by the vendor, in order to sustain an attachment. The, questions are materially different. *Miller v. McNair*, 65 Wis. 454; *Oleson v. Merrihew*, 45 Wis. 397; *Saveland v. Green*, 36 Wis. 612; *Cecil v. Cecil*, 81 Am. Dec. 628; *Hill v. Stevenson*, 63 Me. 364; *Hawes v. Waltham*, 18 Pick. 451; *Gelpcke v. M. & H. R. Co.* 11 Wis. 456.

The question is too familiar to require much authority. The error was material, and affected the rights of the plaintiff in the case, and cannot be disregarded.

There were other exceptions, which may not be taken on another trial, and will therefore not be considered.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.