E. L. CHANDLER *vs.* INSURANCE COMPANY OF NORTH AMERICA.

May Term, 1898.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Insurance—Apportionment of Loss between Specific and Blanket Policies.*

When there is a total loss of property covered by several policies, some specific and some blanket, and the total loss is less than the total insurance, the proportion of blanket insurance to each item is the proportion of the value of the whole property to the value of that item. The blanket policy being thus converted into a specific policy, each company, as the policies provide, must bear such proportion of the loss as the sum insured by it bears to the total insurance.

ACTION upon a policy of fire insurance. Heard upon an agreed statement at the February Term, 1898, Orleans County, *Ross*, C. J., presiding. Judgment for the plaintiff for the amount claimed. The defendant excepted.

The policy issued by the defendant contained this provision: "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance covering such property."

*Bates, May & Simonds*, for the defendant, contended that the blanket policy should be treated as insuring each item for the amount of the policy until the amount of the policy should be exhausted, and, if not so, at least that the policies should be divided into two classes, the specific and the blanket, and the loss upon each item should be divided proportionately between the total insurance in the blanket policies and the total insurance in the specific policies upon that item, settling the loss as if each item had been destroyed by a separate fire, and cited in support of their views *Page v. Sun Ins. Co.*, 20 C. C. Ap. 397: 74 Fed. Rep. 203; *Fire Ass'n* v. *M. & M. Tr. Co.*, 66 Md. 339: 7 At. Rep. 905; *Nicolet* v. *Ins. Co.*, 366 : 3 La. An. 23 Am. Dec. 458; *Sherman* v. *Madison M. Ins. Co.*, 39 Wis. 104.

*John Young*, for the plaintiff, contended for the rule adopted by the court, citing May on Ins. 435; *Hand* v. *Ins. Co.*, 57 N. Y. 41; *Angelrodt* v. *Ins. Co.*, 31 Mo. 593; *Blake* v. *Ins. Co.*, 12 Gray 265; *Ogden* v. *Ins. Co.*, 50 N. Y. 388; *Holey* v. *Ins. Co.*, 1 Allen 526; *Ins. Co.* v. *Baltimore Warehouse Co.*, 93 U. S. 527: 23 L. P. C. 868.

TAFT, J.    The plaintiff held a fire insurance policy in the defendant company covering specific sums on three items, viz:—$562.50 on item a, $612.50 on item b, $325.00 on item c.

He held in the Home Company a like policy for $262.50 on item a, $375.00 on item b, and $112.50 on item c.

He held policies in the Lloyds Association for $12,700.00, called blanket policies, insuring the same property as one item.

The property was totally destroyed, the loss being the full value, and was less than the total amount of insurance. The loss on the respective items was as follows: $3,491.48 on item a, $6,230.37 on item b, and $2,014.70 on item c.

The question presented is, what proportion of the loss shall the respective companies pay. The rule which must be

applied to determine this, is a legal, just, and equitable one, and is found in the policies. It is, that each company shall pay such proportion of the loss as the sum insured by it bears to the total insurance. The difficulty in adjusting the proportion which each company shall pay arises from the fact that some of the policies are specific and others blanket. As by the terms of the specific policies, they cannot be converted into blanket policies, it necessarily follows that the only way in which the loss can be adjusted is to turn the blanket policies into specific ones, i. e., determine how much of the full amount of a blanket policy shall be apportioned to each of the three respective items, according to their respective values. The value of the items as shown by the loss is as follows: Item a, $3,491.48, item b, $6,230.37, item c, $2,014.70, equals $11,736.55.

Apportioning the amount of the blanket policies, $12,700 upon the amount of the loss by using the proportion, as the value of the whole property is to the whole blanket insurance, so is the value of each item to the insurance on each item, we find the insurance on each item to be: Item a, $3,778.09, item b, $6,741.82, item c, $2,180.09, equals $12,700; and the total amount of the insurance upon each item to be, item a, $4,603.09, item b, $7,729.32, item c, $2,617.59.

As each company pays in the ratio that the amount of its policy bears to the total amount of insurance, the defendant is liable in respect to item a, $426.66, item b, $493.73, item c, $250.14, equals $1,170.53, the amount for which judgment was entered below.

*The judgment was correct and is affirmed.*