Liverpool & London & Globe Insurance Company v. Delta
County Farmers' Association.

Decided June 26, 1909.

**1.—Insurance—Double Insurance.** ·

Wherever there are two separate insurers liable for the same loss, the fact that one policy covers more property or wider risks than the other, does not prevent the insurance being double on the subjects covered by both.

**2.—Same—Contribution.**

Where the loss is less than the whole insurance, and the policy sued on stipulates that the insurer shall not be liable for a greater proportion of the loss than the amount insured shall bear to the whole insurance, such provision must be given effect, though the other policies by different insurers cover other property of the insured located in another place, and the insurer will only be liable for such proportion of the loss.

**3.—Same—Parties—Contribution.**

When the policy provides that the insurer shall not be liable for a greater proportion of any loss than the amount insured bears to the whole insurance, it is not necessary for the insurer, in an action on the policy, in order to give such provision effect, to make the other insurers parties.

**4.—Same—Contribution.**

A stipulation in a policy limiting the insurer's liability to no greater propor- . tion of the loss sustained than the amount insured bears to the whole insurance, is not impaired or nullified by another stipulation therein that if, at the time of the fire, the whole amount of insurance on the property covered by such policy shall be less than the actual cash market value thereof, the insurer shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by such policy shall bear to the actual cash market value of such property at the time and place of the fire.

Error from the District Court of Delta County. Tried below before Hon. R. L. Porter.

*William Thompson,* for plaintiff in error.—The stipulation in an insurance policy which provides, "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property," is a reasonable and valid provision, and should have been given effect in the judgment rendered. Queen v. Ice Co., 64 Texas, 578; Insurance Co. v. Coffee, 61 Texas, 295; Hibernia v. Starr, 13 S. W., 1017.

Where an insurance policy covers in one location only, and other policies cover in the same location and in other places also, on the happening of a fire each policy covers for its full amount in each location, and each is contributing insurance for any inexhausted balance if not for its full face. Stephenson v. Agricultural Ins. Co., 93 N. W., 19 (Wis.); Farmers' Feed Co. v. Scottish Ins. Co., 65 N. E., 1105 (N. Y.); Schmaelzle v. London & L. Ins. Co., 53 Atl., 863 (Conn.); Home Ins. Co. v. Warehouse Co., 93 U. S., 527; Page v. Sun, 74 Fed., 203; Meigs v. London Assur. Co., 126 Fed., 781; s. c., 134 Fed., 1021; Hartford Fire Ins. Co. v. Peterson, 70 N. E., 757, 209 Ill., 112; Kan-

sas City Box Co. v. Insurance Co., 75 S. W., 186, 100 Mo. App., 691; Fireman's Fund v. Palatine, 88 Pac., 907 (Cal.); Hough v. Insurance Co., 36 Md., 398.

*J. L. Young*, for defendant in error.—Appellant's contract of insurance was specific and special, and covered a different risk and hazard to that of the general policies of insurance, and was on a different interest in the cotton it covered to the interests covered by the other policies; and, therefore, appellant could not claim a pro rata contribution from those general policies.

Appellant having contracted that, in case the cotton covered by its said certificates should be of a greater value than the whole amount of insurance against it, appellee should bear its proportionate loss according as the value of the cotton is to the amount of the insurance; and the cotton being of no greater value that the insurance, appellant is estopped from claiming a liability less than the amount of its policies. 13 Amer & Eng. Ency. of Law, p. 368, 19 Cyc., 842.

Appellee contends that appellant's contract of insurance was specific and special and on cotton stored in the warehouse, and that the $22,-000 insurance was general, and on the cotton at all places, and was a different risk and a different class of risk and hazard; and that appellant's concurrent clause did not apply in this case; that, if it did apply in this case, that only 22000/30249.62 of the $10,359.07 (the value of the cotton in the warehouse) would apply to the cotton covered by appellant's two certificates, which was, or is, $7,533.96; and that the other companies were only liable, under their contracts, for 22000/30249.62 of that amount, to wit, $7,533.96, and which would be $5,-479.30, and which, together with appellant's two certificates, would not make the amount of the value of the cotton. American Central Ins. Co. v. Heath & Blackwell, 29 Texas Civ. App., 445; Pennsylvania Fire Ins. Co. v. Moore, 21 Texas Civ. App., 528; 13 Am. & Eng. Ency. of Law, 367 to 369; 19 Cyc., 838 to 840.

Appellant having contracted to indemnify appellee against this loss if it desired contribution from the other companies, it was its duty to have made them party defendants and ask for such contribution, and so that the court might decide the liability of each company, and so that appellee might not lose any of its indemnity; and, having not done that, it can not resist the payment of the amount of its two certificates.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by plaintiff, Delta County Farmers' Association, a corporation, against the defendant, Liverpool & London & Globe Insurance Company, a corporation, to recover the sum of four thousand ($4,000) dollars as loss by fire, on cotton in bales, covered by two contracts or certificates of insurance of $2,000 each issued by defendant to plaintiff under an open policy. The petition alleged, in substance, that defendant issued to it two certificates of insurance of $2,000 each under its open policy A, for the term of three months from October 19 and October 22, 1907, respectively. That plaintiff owned and operated a cotton warehouse at Cooper, Texas, in which was stored bales of cotton, held by plaintiff in

trust as bailee for hire. That said certificates and policies constituted contracts in securing plaintiff against loss by fire to cotton situated in said warehouse. That on January 13, 1908, there were 167 bales of cotton stored in the warehouse, which were on said date totally destroyed by fire, which 167 bales of cotton were of that date and place of the reasonable cash market value of $10,359.07. That plaintiff complied with the requirements of its contract in giving notice of loss and making proof of loss. That defendant admitted liability, but declined to pay $4,000 as its liability for the loss sustained. Defendant answered that plaintiff had, in addition to the contracts sued on, other insurance contracts or policies, which were set out, against loss by fire to the amount of $22,000, making a total insurance of $26,000 on the property described in the contracts sued on. That the contracts sued on contained a provision or stipulation as follows: "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property." Defendant says that it can only be liable for its proportionate part of the loss considering the other $22,-000 of insurance.

Plaintiff by first supplemental petition alleged: That the other $22,000 of insurance carried covered not only the cotton in the warehouse, but also cotton situated and stored on plaintiff's shipping platform and on its weighing platform, which cotton was separate and distinct from the cotton in the warehouse. That defendant's contracts covered only the cotton in the warehouse, which was totally destroyed, and defendant is entitled to no contribution from the other insurance.

The case was submitted to the trial court upon an agreed statement of facts, and resulted in a judgment in favor of the plaintiff for $3,-823.00, and interest, from which judgment this writ of error is prosecuted. The material facts, as shown by the agreed statement of facts sent to this court, are as follows: The plaintiff held the two certificates of insurance set out in its petition, which were valid and subsisting and covered the cotton in the warehouse described in said certificate at the date of the fire alleged, subject to the terms of said certificates and of open policy A, mentioned in said certificates. The cotton covered by these certificates was burned January 13, 1908, and on February 24, 1908, proofs of loss were duly made and furnished defendant, in which claim was made against defendant for $3,823.45. There were 167 bales of cotton in the warehouse on date of fire, and all of same were consumed and destroyed by fire; and said cotton was of the total cash value on that date of $10,359.07. There were 215 bales of cotton on the platform adjoining the warehouse, and outside thereof, which were of the total value of $13,455.95, and 48 bales of said cotton were burned on said date, and which 48 bales were of the total cash value of $2,977.39. There were 107 bales of cotton on the weighing platform on January 13, 1908, which were of the total cash market value of $6,434.60, and which platform is situated near the public square in Cooper, Texas, and nearly a half mile from the warehouse. The total number of bales of cotton in the warehouse, on the platform adjoining the warehouse and on the weighing platform was

489, and were of the total cash market value of $30,249.62; and all of said cotton was covered by insurance in various companies to the amount of $22,000, which $22,000 insurance was in addition to and distinct from the certificates sued on, to the extent that they also covered cotton on the weighing platform and cotton on the shipping platform, which the certificates sued on did not cover; which said other policies are set out in defendant's answer by number, name of company and amount of each other policy, and each and all of said policies contain the following provision and clause: "And it is further understood and agreed that if at the time of fire the whole amount of insurance on the property covered by this policy shall be less than the actual cash market value thereof, this company shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by this policy shall bear to the actual cash market value of such property at the time and place of fire." The open policy A, mentioned in the two certificates sued on, contained a provision as follows: "This company shall not be liable under this policy for a greater proportion of any loss on the described property than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

There is but one assignment of error presented, which is as follows: "The court erred in rendering judgment in favor of the plaintiff and against the defendant for the sum of $3,823, when defendant had no such liability to plaintiff under the contract sued upon." The proposition contended for by appellant, under this assignment, is that where a fire insurance policy stipulates, as in this instance, that the company shall not be liable for a greater proportion of any loss on the described property than the amount insured shall bear to the whole insurance, whether valid or not or by solvent or insolvent insurers, covering such property, is a reasonable and valid provision; and where such policy covers property situated in one location only, and other policies cover the property in the same location and property in other places also, on the happening of a fire each policy covers for its full amount in each location, and each is contributing insurance for any inexhausted balance, if not for its full face. Defendant in error contends that plaintiff in error's contract upon which it sues was specific and special, covered different interests, risks and hazards to that of the general policies, and therefore a pro rata contribution could not be claimed from the other and general policies.

The precise question as here presented has not, so far as we are advised, been passed upon by any appellate court of this State. No such decision has been cited by counsel, and in our research we have found none. Where the policy sued on contained a provision similar to the one found in the policy declared in this case and the property therein insured was personal property and was covered by other policies which did not also cover property located in another and different place, and the amount of the loss was not as much as the amount of the whole insurance, our courts have uniformly held that the provision as to the share of loss to be suffered by the insured as to contribution by all companies that issued policies on the same property, is to be given

effect. East Texas Fire Ins. Co. v. Coffee, 61 Texas, 287; Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; Hibernia Ins. Co. v. Starr, 13 S. W., 1017. The decisions of other States seem to be in conflict upon the proposition urged by appellant, but it is well supported by some of them, and by the decisions of the federal courts. The rule established by these decisions, and the one believed to be correct, is, in substance, that wherever there are two separate insurers liable for the same loss, the fact that one policy covers more property or wider risks than the other does not prevent the insurance being double on the subjects covered by both. Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S., 527; Page et al. v. Sun Ins. Office, 74 Fed. Rep., 203; Blake v. Exchange Mut. Ins. Co., 12 Gray, 265; Hough v. People's Fire Ins. Co., 36 Md., 398; Meigs v. London Assur. Co., 126 Fed. Rep., 781. In the first case cited it appeared that the warehouse company had taken out two policies amounting in the aggregate to $30,000; one of these was in the Home Insurance Company on "merchandise, hazardous or extra hazardous, their own or held by them in trust, or in which they have an interest or liability." Some of the depositors of the merchandise who received advances thereon from the warehousemen had themselves taken out specific insurance upon their own property. The suit was upon one of the general policies and the court held that the policies protected the merchandise itself, not merely the warehouse company's interest in it or lien upon it, and therefore covered all the cotton and tobacco that belonged to the several owners in separate lots, and that all the policies, general as well as specific, should contribute and bear the loss proportionally. Mr. Justice Strong, who delivered the opinion of the court, in closing the discussion of the question, said: "Without pursuing this discussion further, we have said enough to vindicate our opinion that the policy upon which this suit was brought covered the merchandise held by the warehouse company on storage, and not merely the interest of the bailees in that property. It follows, necessarily, that there was double insurance. The policy issued to the warehouse company and those obtained by the depositors of the merchandise covered the same property, and they were for the benefit of the same owners. The insurers are liable, therefore, pro rata, each contributing proportionately." In Page v. Sun Ins. Office, supra, the property insured consisted of lumber piled upon two separate blocks in the city of Anoka, Minnesota. A fire occurred which damaged the lumber situated upon one block, but did no harm to the lumber upon the other block. The owner at the time of the fire held policies aggregating $50,000, of which $40,000 covered the property situated on both blocks, while $10,000 covered only the property that was injured. The policy issued by the Sun Insurance Office, and upon which the suit was brought, was one of the latter policies, and contained a provision that the company should not be liable for a greater proportion of any loss than the amount insured should bear to the whole insurance. The court held, in substance, that the compound policies covered the property destroyed to their full amount, so that the proportion of the loss to be borne by the specific policy was the proportion which that policy bore to the total amount of both the compound and specific policies. In the case of Blake v. Exchange Mut. Ins. Co.,

12 Gray, 265, cited above, the defendant's policy and one other covered manufactured lumber only. Two other policies in the Harmony and La Farge Insurance Companies, respectively, covered the same property, and also manufactured stock. The trial court instructed the jury that the policies issued by the Harmony and La Farge Companies did not prorate because they covered other property than that included in the defendant's policy. The Supreme Court of Massachusetts held the instruction erroneous, saying: "The court erred in instructing the jury that no abatement of the amount to be recovered of the defendant could be made on account of the Harmony and La Farge policies, because those policies covered other property besides that covered by the defendant's policy. We think these policies, though covering manufactured stock, sustain their proportion of the loss."

We think these cases very clearly and correctly announce the principle applicable to that class of cases to which the one at bar belongs, and demonstrate that the trial court gave a much larger judgment against the defendant than warranted by the terms of the contract upon which the suit is founded. They make it plain that the provision in the policies, to the effect that the insurance company should not be liable for a greater proportion of any loss on the property described in them than the amount insured should bear to the whole insurance, should have been given effect, and judgment entered for such amount only.

The contention of defendant in error that, "if the plaintiff in error desired contribution from the other insurance companies it was its duty to have made them parties defendant and asked for such contribution," is not well taken. The contracts of insurance sued on stipulated that, in the event of other insurance, defendant should not be liable for a greater proportion of any loss on the property covered by said contracts than the amount thereby insured bore to the whole insurance covering said property. The defendant alleged in its answer, as was its right to do, the existence of such other insurance and the amount thereof. These allegations of the answer were conclusively established by the evidence, and it further appearing that the loss sustained was not as much as the whole amount of insurance, it became the duty of the court to apply the rule of pro rata liability on the part of the defendant, as stated in the policies, and render judgment against defendant for no greater proportion of the loss than the amount of said policies bore to the whole insurance. Nor does the provision in the policies of insurance, "that if, at the time of the fire, the whole amount of insurance on the property covered by this policy shall be less than the actual cash market value thereof, this company shall, in case of loss or damage, be liable for such portion only of the loss or damage as the amount insured by this policy shall bear to the actual cash market value of such property at the time and place of fire," have the effect to impair or nullify the provision in said policies limiting defendant's liability to no greater proportion of the loss sustained than the amount insured bears to the whole insurance. Neither do we concur in the contention that the case of American Cent. Ins. Co. v. Heath, 29 Texas Civ. App., 445, is in conflict with the cases

cited in this opinion in support of the conclusion we have reached. We have examined that case, and fail to find anything in it that justifies the conclusion that it is at variance with the doctrine enunciated in the cases we have cited. We conclude that the clause in the policies sued on, to the effect that the insurance company should not be liable for a greater proportion of any loss than the amount insured should bear to the whole insurance, must be given effect; that it results in so doing that the loss of $2,977.39, which occurred at the shipping platform of plaintiff, should be paid by the policies aggregating $22,000, which loss deducted from the amount of said policies leaves a balance of $19,022.61, as insurance existing on the cotton situated in plaintiff's warehouse to contribute, with the $4,000 sought to be recovered in this suit, to pay the loss of $10,359.07 sustained on cotton in the warehouse, and that the liability of defendant for such loss will be 4000/-23022.61 parts of $10,359.07, or $1,799.80. It is therefore ordered that the judgment of the District Court be reformed so as to reduce the same to the sum of $1,799.80, and as reformed, that it be affirmed, and that the costs of this appeal be taxed against defendant in error.

*Reformed and affirmed.*

Writ of error refused.