REPUBLIC INS. CO. v. AMERICAN ICE CO.
et al. (No. 10095.)

Court of Civil Appeals of Texas. Dallas. Jan.
7, 1928.

Rehearing Denied Jan. 28, 1928.

1. Insurance ⊚�ný146(1.)—Rights of insured
against insurer must be determined from
terms of contract.

Rights of insured against insurer must be
determined from terms of contract between
them.

2. Insurance ⊚�ný504—Apportionment between
insurers under specific policies and under
blanket policy requires adjustment by separate
items, applying blanket insurance to each item.

Where insured carried specific fire insurance
in addition to a blanket policy, the apportion-
ment of loss between such coinsurers requires
an adjustment by separate items, in which blan-
ket insurance is made applicable to each item
covered by specific policies.

3. Insurance ⊚�ný494—"Blanket insurance" cov-
ers every item of property described in policy
to its whole amount.

"Blanket insurance" covers every item of
property described in policy to its whole
amount, and destruction of any item, even
though all others remain uninjured, requires in-
demnity, if necessary, to full amount of policy.
· [Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Blanket
Policy.]

4. Insurance ⊚�ný504—Every rule of construc-
tion in apportioning loss must bend to right
of insured to be fully indemnified.

In apportioning loss between coinsurers,
every rule of construction must bend to the
right of insured to be fully indemnified.

Appeal from District Court, Dallas Coun-
ty; Kenneth Foree, Judge.

Suit by the American Ice Company against
the Republic Insurance Company and others.
Judgment for plaintiff against the defendant
named, and said defendant appeals. Af-
firmed.

E. G. Senter and R. W. Mayo, both of
Dallas, for appellant.

Thompson, Knight, Baker & Harris, Beall,
Worsham, Rollins, Burford & Ryburn, and Al-
len Charlton, all of Dallas, for appellee.

LOONEY, J. The American Ice Company
carried specific fire insurance aggregating
$30,000 with the five appellee companies,
written upon a schedule; that is, each policy
covered, pro rata in the amount named in
the policy, to wit, $17,000 on building and
$23,000 on machinery, other than boilers and
connections. The ice company also carried
with the Republic Insurance Company, appel-
lant, a blanket policy for $10,000 on the same

property, and in addition covered boilers and
their connections.

Each of these policies, the specific as well
as the blanket, provided that the company
should not be liable for a greater proportion
of a loss than the amount thereby insured
should bear to the whole insurance, whether
valid or not, or whether by a solvent or in-
solvent insurer. The property was damaged
by fire, and the loss agreed upon between the
ice company and the several companies was:
On boilers and connections, $184.56; on build-
ing, $2,584.93; on machinery, other than boil-
ers, $11,662.51—making a total loss sustained
by the ice company of $14,432.

After the adjustment, the insurance com-
panies failing to agree among themselves as
to how the loss should be prorated, each paid
the insured what it contended was its pro
rata of the loss, which was accepted by in-
sured without prejudice. These payments
were as follows: The five companies carrying
specific insurance paid loss on building and
machinery, other than boilers, sums that ag-
gregated $9,237.07; appellant paid under its
blanket policy loss on boilers $184.56, and
on building and machinery, other than boil-
ers, $3,561.86—totaling the sum of $12,983.-
50, but lacking $1,448.50 of being the full
amount of the loss, for the recovery of which
the ice company filed this suit against the six
companies.

Plaintiff set up the facts as just detailed,
and prayed that it have judgment for the
full amount of the loss sustained by it pro-
rated among the companies in accordance
with the terms of the policies. The appel-
lee companies contended below, and are con-
tending here, that each paid the ice company
the amount of their liability in full on a
correct method of apportionment, but that the
Republic Insurance Company, appellant, fail-
ed by the sum of $1,448.50 to pay its full
liability; wherefore they prayed that they
be discharged, with their costs, etc.

Republic Insurance Company admitted li-
ability for the loss on boilers, $184.56, which
amount it paid, but contended below, and is
contending here, that the other insurers be-
came and were obligated to pay the insured
the remainder of the loss sustained by reason
of the fire; that, under a mistake of fact as
to its liability, it paid the ice company loss on
building and machinery, other than boilers,
the sum of $3,561.86; wherefore it prayed
that it be discharged and recover its costs
as to the plaintiff's demand, and that it have
judgment over against plaintiff for the
amount paid under the mistake of fact, but,
in the event it should be denied recovery
against plaintiff, that it be subrogated to its
rights against the other insurers in the
amount of the sum paid by mistake, and be
permitted to recover against each ratably for
money paid by it for their use and benefit.

⊚�ný For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was tried before the court without a jury, and resulted in judgment for the ice company against Republic Insurance Company for the sum sued for, that plaintiff take nothing against the other companies, and that the Republic Insurance Company take nothing on its cross-bill against either plaintiff or the other companies. Republic Insurance Company has appealed, and by appropriate assignments and propositions is urging the contentions just stated that were insisted upon by it in the trial court.

The question for us to determine is the proper interpretation of the provision of the policies relating to the apportionment of the loss. Questions of contribution between co-insurers have perplexed and caused the courts much trouble, especially where, as in the instant case, the loss is covered by both blanket and specific insurance. Courts are in conflict on the subject, and, while no rule has been evolved applicable to every supposable case, two leading rules have been formulated. One is known as the "Vermont," or "Reading," rule. This was applied by the Supreme Court of Vermont in Chandler v. Insurance Co. of North America, reported in 70 Vt. 562, 41 A. 502. While the court was restrained by the terms of the specific policies from converting them into blanket insurance, it nevertheless assimilated the blanket insurance to that of specific by apportioning the amount of the blanket policy to each specific item according to its value, and on this basis apportioned the loss under provisions of policies in substance the same as those we have under consideration.

This rule was criticized and repudiated by the Supreme Court of Connecticut in Schmaelzle v. London, etc. Fire Ins. Co., 75 Conn. 397, 53 A. 863, 60 L. R. A. 536, 96 Am. St. Rep. 233. The rule announced in the latter case is called the "Connecticut," or the "gradual reduction," rule, the meaning of which is that, when specific and blanket insurance have to be brought together in prorating a loss, under prorating provisions such as we have in this case, there is involved an adjustment by separate items, in which the blanket insurance is made applicable to each item covered by the specific policies. As the specific policies compel adjustment by items, these must be taken up in some order—that is, in the order of the greatest or the least losses, or in the order as enumerated in the specific policies. The order that commended itself to the court in that case was that of the greatest losses, and in computing the total amount of insurance on the first item taken up the full amount of the blanket insurance was applied, and regarded as its amount of insurance on that particular item, and with respect to the next and subsequent items the same rule was followed; that is, taking up the items in the order of the greatest loss, except that the amount of blanket insurance

applicable to the second or subsequent items was reduced by the amount already exhausted on prior items. It must also be borne in mind that the amount of insurance under a blanket policy should be reduced before being applied to any particular item, as in the case at bar, by the amount thereof used in prior adjustments.

This rule was approved by the Court of Errors and Appeals of New Jersey in Grollimund v. Germania Ins. Co., 82 N. J. Law, 618, 83 A. 1108, L. R. A. 1915B, 509; also by the federal courts in Page v. Sun Ins. Office (C. C. A.) 74 F. 203, 33 L. R. A. 249, and Meigs v. London Assurance Co. (C. C.) 126 F. 781, 788. It also met the approval of this court in Liverpool, etc., Co. v. Delta County, etc., Association, 56 Tex. Civ. App. 588, 121 S. W. 599, a case on the facts almost identical with the case at bar.

[1, 2] Appellant earnestly contends that this rule results in inequality in apportioning the loss between the two classes of insurers, and is unjust to it. We do not think so. The rights of the ice company against appellant must be determined from the terms of the contract between them, and not by an adjustment of equities between the insurance companies that, according to the contention of appellant, would require the court to re-write and make a new and different contract.

[3] Blanket insurance covers every item of property described in the policy to its whole amount; the destruction of any item, even though all others remain uninjured, requires indemnity from the insurer, if necessary to the full amount of the policy. Thus it is evident that blanket insurance is a greater risk than specific, and is necessarily attended by larger loss. The following is evidently the process by which the trial court applied the rule and apportioned the loss:

After the Republic policy paid $184.56 loss on boilers, not covered by any other policy, there was left unextinguished of its policy $9,815.44 to be applied on the item of machinery loss; this being the greatest. Specific insurance on this item aggregated $17,250, which, added to the unused part of the blanket policy made a total of $27,065.04 insurance to pay the machinery loss of $11,662.-51. Deducting the loss paid on boilers and its proportion of the machinery loss, there was left of the blanket policy, to be applied on the building loss, the sum of $5,585.97, which, when added to the aggregate of specific insurance on this item, to wit, $12,750, made $18,335.97 total insurance on the building, to be apportioned among the companies in paying the loss of $2,584.93. On this basis of apportionment, the trial court found that the specific insurers had paid their full pro rata of the loss, but that appellant lacked $1,-448.50 of paying in full its proportion thereof.

[4] Bearing in mind that every rule of

construction must bend to the right of the insured to be fully indemnified, we hold that, under the facts of this case, the "Connecticut" or "gradual reduction" rule applied by the trial court in apportioning the loss between the coinsurers was a correct solution of the question; that no error is presented on this appeal; hence the judgment of the trial court should be and is hereby affirmed.

Affirmed.