## EMPLOYERS CASUALTY CO. v. RAGLEY.
### No. 2696.

Court of Civil Appeals of Texas. Waco.
Oct. 24, 1946.

Rehearing Denied Nov. 27, 1946.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Saner, Jack & Sallinger, of Dallas, for appellee.

TIREY, Justice.

Plaintiff brought this suit to recover fire-loss to a garage and fence which she alleged was covered by the provisions of the

policy issued to her by appellant. The court (non-jury) found that the plaintiff was entitled to recover the sum of $319.57, with legal interest, and entered judgment accordingly, and the defendant has appealed.

Appellant's first point is: "The court erred in allowing plaintiff to recover under the policy for damage to the garage." We overrule this contention.

The pertinent parts of the policy are:

"Section I.

"Building—Insurance on a building shall include everything which is legally a part of the building * * *

"When fences, drives, walks, yard fixtures, private garages, servants' houses, and, if used solely in connection with the occupancy thereof, other out-buildings on the premises of the dwelling are not specifically insured, the insurance on a dwelling may be applied on such properties to the extent of their respective actual values, but in the aggregate not to exceed 10% of the amount of insurance on such dwelling."

"Section IV.

"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the Peril involved, whether collectible or not; except if any article or piece of personal property, covered hereunder by a general item (i. e., one covering several articles) is insured specifically (without an excess provision) under this, or any other policy, then such general Item shall apply as excess over the specific insurance and pay only for any actual loss sustained over the amount of specific insurance."

The evidence is without dispute that plaintiff owned a lot in the city of Dallas with three structures on it, the main dwelling, a cottage and a garage, and fences. The plaintiff, prior to taking or renewing the policy in this suit, obtained a policy with the Jersey Insurance Company, by the terms of which she insured the cottage for $500 and the garage for $100. This policy was in force and effect on the date of the fire and after the fire she made claim on the Jersey Company for her loss

to the garage and the company paid the loss. The policy in suit was issued on July 30, 1944, for a term of three years and was in the principal sum of $3500.

Plaintiff testified to the effect that she bought the property in 1937; that the policy in suit was on the house on a three year term and it was renewed every three years; that when she bought the property there was no insurance on the cottage or the garage; that she built a new garage and used it exclusively for herself as a garage and storeroom; that on May 8, 1945, she had a fire that completely destroyed the garage and damaged the fence and also damaged the cottage; that she and her son lived in the main dwelling and that the garage and fence were used in connection therewith; that she allowed the credit of $100 paid to her by the Jersey Company on the claim she made against Employers Casualty Company. The pertinent parts of proof of loss (lowest estimate) the plaintiff submitted to defendant are substantially as follows:

Statement of actual cash value of property insured and loss and damage thereto.

| | |
|---|---:|
| Material per details attached, estimate by Wilcox Company (garage only) | $298.66 |
| Carpenter labor | 98.75 |
| Painting | 41.00 |
| Total | 438.41 |
| Depreciation 10% | 43.84 |
| | 394.57 |
| Loss on fence | 25.00 |
| Total loss on garage and fence | 419.57 |

That after allowing the credit of $100 paid by Jersey Company, her total claim against the Employers Casualty Company was for $319.57

Appellant in the trial court denied liability and then alleged payment but tendered no evidence. It did not allege that appellee had concealed or misrepresented any material fact concerning the insurance, nor that the insurance in force was excessive. The evidence shows that the insur-

ance was not excessive on the garage, assuming that plaintiff had coverage to the amount of $350 under the policy in suit. Appellant did not offer to make payment for the loss sustained on the garage or fence. Since plaintiff did have specific coverage on the garage in the amount of $100, the sole question here presented is the construction of the provisions of the policy quoted.

 Appellant contends substantially that since appellee specifically insured the garage under another policy, it must be assumed that she insured it for the amount of coverage she desired, and that it must be further assumed that she intended for the full insurance on the policy in suit to apply to the main dwelling; that since the language of the provision under consideration is clear and unambiguous, the rule for liberal interpretation of the policy in favor of the insured does not apply. See 13 Appleman on Insurance Law & Practice, §§ 7402, 7403, p. 88. We cannot agree with any of these contentions. We think the provision of the clause is not subject to the interpretation placed upon it by appellant for several reasons: (a) Viewing the provisions of the policy in suit in its entirety, and without reference to any other insurance, it is clear that appellee had coverage on her garage and fences not to exceed $350. This coverage she had bought and paid for. There is nothing in the record to indicate that she desired to decrease this coverage on the garage nor to lessen the liability of the carrier. On the contrary, we think the evidence supports the inference of the trial judge to the effect that appellee was of the opinion that she needed additional insurance on the garage to the extent of $100. Otherwise, when she took the Jersey policy she would have had the policy for not more than $500, which was the coverage on the cottage, but instead the policy was for the specific sum of $500 on the cottage and $100 on the garage. (b) Appellant's view would eliminate any necessity for the proration clause provided in the basic conditions. (c) It seems clear to us that the clause referred to was inserted to cover those instances where the fences or garages re-

ferred to were specifically insured in the same policy. (d) The term "specifically insured" is not used in conjunction with the same risk being insured by any other insurance company; (e) nor is there any other provision in the policy that would indicate that the issuance and acceptance of any other policy on the property referred to in such clause would nullify the liability provided for in the policy in suit for such specific items. We find nothing in appellant's policy to the effect that if appellee should have a policy with any other company insuring the property designated in the policy, that in such event appellant should have no liability under its policy. Contrawise, we find this policy binding the company's liability to be based on a pro rata basis, if there is other insurance on the same risk. It is settled in Texas that if there be any doubt as to how a provision of the policy should be construed, its construction should be in favor of the insured. 24 Tex.Jur. 696, sec. 23.

██ The Jersey insurance policy was not introduced in evidence and its provisions are not before us, except it is admitted that the policy provided for $100 coverage on the garage and $500 on the cottage. Appellant does not claim that it was injured by the fact that appellee had the Jersey policy, but seeks only to relieve itself from the liability provided for in its policy because of the existence of the Jersey policy, in that it covered the garage to the extent of $100. In the absence of allegation and proof, there can be no presumption that appellee did any act which would invalidate the purpose of the insurance provided for in both policies, and if she did so the burden of proof in this behalf would have to be carried by appellant. St. Paul Fire & Marine Ins. Co. v. Westmoreland, 130 Tex. 65, 105 S.W.2d 203. It is without dispute that the existence of the Jersey company policy did not increase either the hazard or the liability of appellant's policy, but, on the other hand, it inured to the benefit of appellant in the amount of $100. Since the Jersey company paid its claim in full, this sum was allowed as a credit on the claim against appellant, and by reason thereof appellant received a

greater benefit than it was entitled to have received under its proration clause. Moreover, there is nothing in appellant's contract which makes its validity dependent upon the belief that appellee had no other insurance on the garage; nor is there anything in the policy requiring insured to give notice of any other insurance at the time of the issuance of the policy; nor is there a clause in the policy prohibiting additional insurance prior or subsequent to the issuance of the policy in suit. See 5 Appleman on Insurance Law & Practice, §§ 3052, 3053, pp. 151, 155. Names .v. Union Ins. Co., 104 Iowa 612, 74 N.W. 14. A careful review of the policy shows that it does not provide for prohibition or limitation against concurrent insurance, nor is there any provision therein relieving it of liability in the event other insurance has been taken, or that its loss should be limited to the excess of the loss over the amount of such other insurance.

■ The rule in Texas is that concurrent insurance does not void the policy in the absence of intent to defraud. 24 Tex.Jur. 1014. It seems clear to us that appellant, in the issuance of its policy, was cognizant of the possibility of concurrent insurance being extant on the property covered by its policy; otherwise, there would have been no need for the provision in the policy as to pro rata liability. "Proration provisions are inserted in insurance policies to relieve the insurer from the burden of litigating with the insured as to the validity of other policies, and to eliminate any inducement to the insured to commit fraud. But every rule of construction in apportioning losses must yield to the right of the insured to be fully indemnified." 6 Appleman on Insurance Law & Practice, § 3905, p. 270.

If we are correct in the views that we have heretofore expressed about the intent and purposes of the provisions of the policy, then the case of Liverpool & London & Globe Ins. Co. v. Delta County Farmers' Ass'n, 56 Tex.Civ.App. 588, 121 S.W. 599 (writ ref.), is applicable to this case. This case was cited with approval by our Supreme Court in Traders & General Ins. Co. v. Hicks, 140 Tex. 586, 169 S.W.2d 142.

■ Appellant relies upon the doctrine announced in Hartford Steam Boiler Inspection & Ins. Co. v. Firemen's Mutual Ins. Co., 110 Conn. 332, 148 A. 135, and Goodwin v. Snyder, 75 Wis. 450, 44 N.W. 746. We have considered these cases very carefully and we do not believe the factual situations there presented make the rule announced therein applicable to the case at bar. Since the record is without dispute that liability against the Jersey company has been exhausted, and since the evidence is without dispute that the insurance loss is greater than the initial insured loss, we think that equitable principles and the general rule of giving intendment to the full insurance contract inure to the benefit of the insured (Republic Ins. Co. v. American Ice Co., Tex.Civ.App., 2 S.W. 2d 329, pt. 4), and our view in this respect is strengthened by the pro rata clause provided for in appellant's policy.

■ Appellant's second point is: "The court erred in entering judgment without prorating the loss." There is no merit in this contention. Appellant says that the garage was damaged to the extent of $419.-57; that since the garage and cottage were insured for a total of $600 and since ten per cent of its policy is $350, that the sum of $350 plus $600 would be the total coverage on the garage and that the proportionate part that $350 bears to $950 is $154.56, and if there is any liability on its policy it is for such sum only. We cannot agree with these contentions. The Jersey policy had coverage on the garage of $100 and not $600. The evidence was without dispute that the total loss on the garage was $438.41. A depreciation of ten per cent was voluntarily deducted from the above estimate, which left loss on the garage $394.57. The $100 paid by the Jersey company was deducted from this loss, which left $294.57 due and payable under appellant's policy for the garage loss. Appellant company had an additional liability of $25 for loss to fence, making a total liability of $319.57, for which sum the court awarded judgment. Appellant's policy coverage on

fence and garage was $350. Appellant's policy coverage, less $25 for damage to fence, leaves $325 as its risk coverage on the garage. Appellant's liability coverage on the garage in the amount of $325 plus the $100 Jersey insurance company's deducted liability on the garage, amounts to $425 as to the total coverage on the garage. Therefore, the proper proportion would be 325/425ths of $394.57, net amount of loss on garage, which equals $301.73, which is the amount that could have been charged against appellant as its pro rata liability on the garage. Since appellant had an additional liability of $25, its aggregate liability for the loss amounted to $326.73. As before stated, appellant having received the full benefit of the $100 paid by the Jersey company, judgment was rendered against it for only $319.57, and since this amount is less than its pro rata liability, it is not in position to complain.

Accordingly, the judgment of the trial court is affirmed.