## THOMAS v. PACIFIC MUTUAL LIFE INSURANCE CO.
No. 101901.

Small Claims Court, Dade County.

January 4, 1963.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the plaintiff for $147 and $7.24 costs.

The provision applicable in this case falls within the exceptions of the policy, which states—"For the purpose of the policy, anything herein to the contrary notwithstanding, eligible charges shall in no event include:

"(XV) Charges incurred for services, treatments and supplies in connection with an illness of a covered person, to the extent of which

"(a) such services, treatments and supplies are provided . . . under or by any one or more of the following plans or arrangements in respect of which any employer shall, directly or indirectly, have paid all or any portion of the cost or made payroll deductions; any insurance coverage (other than the comprehensive major medical expense insurance provisions of the policy) with the insurance company or any other insurance carrier providing protection for such person as an employee or dependent of an employee . . . ;

"(b) Such services, treatments and supplies are provided for the covered person under . . . a plan or law of any federal, state, provincial or other government or any political subdivision thereof."

Plaintiff had "other insurance" within the meaning of the aforesaid exception. The plaintiff incurred hospital bills of $745.85. Such "other insurance" paid the plaintiff $506.60; defendant has paid the plaintiff $39.25.

Plaintiff contends that defendant carrier owes him the difference between the hospital expenses incurred and the amount paid by such "other insurance". Defendant contends that its liability is limited to the difference between the amount of such "other insurance" paid and defendant's maximum coverage, which defendant contends is the amount of $39.25 it has already paid.

Under the rule of law applicable herein plaintiff is entitled to full indemnity provided plaintiff's claim for reimbursement does not exceed the defendant carrier's coverage.

The applicable rule is stated in vol. 6, Appleman on Insurance Law & Practice, p. 270, section 3905—

"The apportionment of loss between concurrent insurers is proper, where the policy so provides. Proration provisions are inserted in insurance policies to relieve the insurer from the burden of litigating with the insured as to the validity of other policies, and to eliminate any inducement to the insured to commit fraud. But every rule of construction in apportioning

losses must yield to *the right of the insured to be fully indemnified.*" (Italics added.)

Since the record is without dispute that liability of the "other insurance" carrier has been exhausted, and since the evidence shows that plaintiff's loss is greater than such "other insurance" has paid, equitable principles and the general rule of giving intendment to the full insurance contract inure to the benefit of the insured. See: Employers Casualty Company v. Ragley, Texas, 197 S.W. 2d 536.

For the reasons stated, and under the principle of law cited, plaintiff is entitled to recover from defendant the sum of $147.