### ROEMER *v.* SIMON ET AL.

1. This court cannot, after an appeal in equity, receive new evidence; nor can it upon motion set aside a decree of the court below, and grant a rehearing.
2. The court below can grant a rehearing during the term at which the final decree was rendered, but not thereafter; and an application therefor must be addressed to that court.
3. Should the court below, after the record has been filed here, request a return thereof for the purpose of further proceedings in the cause, this court would, in a proper case and under suitable restrictions, make the necessary order.

APPEAL from the Circuit Court of the United States for the District of New Jersey.

On motion. The bill filed in this case was for an alleged infringement of letters-patent, No. 56,801, granted to the appellant, bearing date July 31, 1866, for improvements in travelling-bags, and prayed for an account and an injunction.

Upon a final hearing, a decree was rendered at the March Term of said Circuit Court, 1874, dismissing the bill.

*Mr. Thomas Marshall* presented the petition and affidavit of the appellant, stating in substance that new and material evidence, previously unknown to him, had been discovered since the appeal herein. The affidavits of sundry persons, setting forth as well the nature of the evidence as the matters thereby established, were attached to the petition. He thereupon moved that leave be granted the appellant to give to the appellees the requisite notice of a further motion for a rule requiring them to show cause why this court should not remit the record to the court below for a rehearing of the cause.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It is clear, that, after an appeal in equity to this court, we cannot, upon motion, set aside a decree of the court below, and grant a rehearing. We can only affirm, reverse, or modify the decree appealed from, and that upon the hearing of the cause. No new evidence can be received here. Rev. Stat. sect. 698. The court below cannot grant a rehearing after the term at which the final decree was rendered. Equity Rule, 88. It would be useless to remand this cause, therefore, as the term at which the decree was rendered has passed. If the term still continued, the proper practice would be to make application to the court below for a rehearing, and have that court send to us a request for a return of the record, in order that it might proceed further with the cause. Should such a request be made, we might, in a proper case and under proper restrictions, make the necessary order; but we cannot make such an order on the application of the parties. The court below alone can make the request of us. The application of the parties must be addressed to that court, and not to us.

*Motion denied.*