STRAND et ux. v. GRIFFITH et al.

(Circuit Court of Appeals, Ninth Circuit. February 20, 1905.)

No. 1,078.

CIRCUIT COURT OF APPEALS—JURISDICTION AND POWERS—REMAND OF CAUSE WITHOUT HEARING.

A Circuit Court of Appeals is without power to dismiss an appeal on motion of the appellant and remand the case to the court below with directions to permit the amendment of a pleading on a showing that facts were inadvertently omitted therefrom, which was not known to appellant until after the appeal was taken.

[Ed. Note.—Jurisdiction of Circuit Court of Appeals, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the Circuit Court of the United States for the Northern Division of the District of Washington.

Greene & Griffiths, for appellants.
Kerr & McCord, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is a suit in equity, brought in the Circuit Court for the District of Washington, to obtain the annulment of a decree of the superior court of Washington, duly affirmed by the Supreme Court of that state, to vacate and set aside a foreclosure sale of certain real estate, and for a decree vesting the title to said real estate in the complainants. A demurrer to the bill was sustained for want of equity, and the case then brought to this court upon appeal. The appellants now move this court for leave to amend the amended bill of complaint in said cause, and for that purpose ask that their appeal be dismissed, and the cause be remanded to the lower court, with directions to said court to allow the requested amendments to be made, and such further proceedings as may be had in said cause. The motion is made upon the ground of excusable inadvertence and mistake on the part of appellants and their principal attorney in omitting certain items of amendment, and is based upon the affidavits of said attorney and the appellant Hans B. Strand, alleging that it was not discovered until June 20, 1904, that the facts embraced in the proposed amendment had been omitted from the amended complaint.

The amended bill charged the defendants with conspiring to cheat and defraud the complainants in inducing them to purchase of defendants a stock of merchandise represented to be suitable for a dry goods store, but which was in fact worthless, and in obtaining from complainants promissory notes in part payment of said merchandise, secured by mortgage on valuable real estate, which mortgage was afterwards foreclosed by the defendants, and the said real estate sold to satisfy the same, a deficiency judgment being entered against complainants for the amount unsatisfied. The details of the fraud charged are stated with particularity in the amended bill: The desire of the complainants to engage in the retail dry goods business; the visit of the complainant Hans B. Strand to the city of Minneapolis in that connection; the false representations there made to him by the defendants Buck, Campbell, and Skinner with regard to a stock of dry goods then stored in the warehouse of the defendant Griffith in said city, through which said complainant was induced to enter into an agreement to buy said goods without having inspected them; the various artifices resorted to by the defendants to prevent the complainant from thoroughly inspecting the goods, and the tricks by which the confidence of the complainant was gained; the execution by him of promissory notes to the defendant Skinner in reliance upon said fraudulent representations, and a deed of conveyance of real estate by the two complainants to the defendant Skinner; the representations by the defendant Griffith that he had a lien upon the goods amounting to $3,500, which must be satisfied before they could leave his warehouse; the later representation by Griffith that he had become the sole owner and holder of the promissory notes given by the complainant to Skinner; the execution by the complainants of a chattel mortgage upon the goods to the defendant Griffith and a mortgage upon certain real estate, also, before the goods were shipped to the complainants in Washington; the finding of the stock of goods to be worthless, and practically a total loss; the demand by the complainants of the defendants to make good the damages sustained by reason thereof; their refusal to do so; the inability of complainants

to pay the notes or satisfy the mortgages by reason of not realizing upon the goods; the consequent foreclosure of said mortgages, sale of the property thereunder, and entering of a deficiency judgment against complainants for amount unsatisfied; the transfer by said Griffith of his pretended interest and rights in said property to other parties, made defendants to this action. The defendants Griffith, Buck, Campbell, and Skinner are jointly charged with a conspiracy to cheat and defraud the complainants. The amendments now sought to be made to the bill are allegations to the effect that it was not known to the complainants until November, 1898, and after the foreclosure proceedings were finally determined by a judgment of the Supreme Court of the state of Washington, that the defendant Griffith had any fraudulent relation to the complainants, and allegations showing that the foreclosure proceedings mentioned were finally terminated by decision and judgment of the Supreme Court of the state of Washington on the 5th day of October, 1898.

The amended complaint was filed in the court below on September 9, 1903. A demurrer to this amended complaint was filed on September 12, 1903, and on November 6, 1903, the court sustained the demurrer, and on December 9, 1903, the bill was dismissed. The notice of appeal and allowance of appeal to this court is dated April 1, 1904. It appears, therefore, that the facts embraced in the proposed amendment were known to the appellant in November, 1898, but were omitted from the amended complaint in September, 1903, and this omission was not discovered until June 20, 1904. We are of the opinion that we have no authority to grant this motion. In Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, the appellant presented to the Supreme Court a petition and affidavit, stating, in substance, that new and material evidence previously unknown to him had been discovered since the appeal. Upon this petition the appellant moved for leave to give notice for a rule requiring the appellee to show cause why the court should not remit the record to the court below for a rehearing of the cause. In denying the motion the court said:

"It is clear that after an appeal in equity to this court we cannot, upon motion, set aside a decree of the court below, and grant a rehearing. We can only affirm, reverse, or modify the decree appealed from; and that upon the hearing of the cause. No new evidence can be received here. Rev. St. § 698 [U. S. Comp. St. 1901, p. 568]. The court below cannot grant a rehearing after the term at which the final decree was rendered. Eq. Rule 88. It would be useless to remand this cause, therefore, as the term at which the decree was rendered has passed."

This statement of the limitation on appellate jurisdiction is applicable to Circuit Courts of Appeals and to a motion to dismiss the case on the appellant's motion with directions to the lower court to allow an amendment to the bill of complaint.

Motion denied.