THOMPSON et al. v. REED.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,162.

FRAUDULENT CONVEYANCES (§ 241*)—SUIT IN EQUITY BY JUDGMENT CREDITOR—LIEN TO SUPPORT.

Under Carter's Ann. Code Civ. Proc. Alaska, § 260, which provides that the filing of a transcript of a judgment in the office of the recorder of any recording district shall make the judgment a lien on any real estate of the defendant within such district, such lien is not defeated by a fraudulent conveyance of the property by defendant pending the action, and will support a suit in equity by the judgment creditor to set aside the conveyance.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 694, 696–726; Dec. Dig. § 241.*]

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska; Edward E. Cushman, Judge.

Suit in equity by J. L. Reed against Eri Thompson and J. M. Cummings. Decree for complainant, and defendants appeal. Affirmed.

S. O. Morford, of Seward, Alaska, and Thomas R. Shepard, of Valdez, Alaska, for appellants.

J. L. Reed and E. E. Ritchie, both of Valdez, Alaska, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The record shows that the appellee, Reed, in the year 1907 worked as a placer miner for the appellant Thompson and one Wallace, who were at the time general partners, and for such

services afterwards brought an action against them in the court below, in which action he recovered judgment on the 25th of April, 1910, for $1,598.80 and costs in the sum of $32.65. Wallace thereafter left Alaska, and, so far as appears, never returned. Thompson had some property within the district where the action was pending, and during its pendency and prior to the entry of judgment therein he executed to the appellant Cummings a quitclaim deed for all of it, which deed expressed the nominal consideration of $1, and described the property as follows:

"That certain placer mining claim known as the Battle Axe located on Thunder creek, a tributary of Cache creek, in Cook Inlet mining and recording precinct.

"An undivided one-half interest in and to that certain saloon situated in the town of Susitna, Alaska, known as Thompson and Price's saloon; together with and including all fixtures, cigar and liquor license, and the lot or parcel of land whereon said saloon is situated.

"That certain log house adjacent to John Jones' bathhouse, and lying between said bathhouse and the general merchandise store of H. W. Nagley, in said Susitna; together with all fixtures and chattels therein contained, owned by said first party and also that certain log cabin situated in the rear of said log house with all chattels or other property therein contained."

After the execution of the deed Thompson also left the territory, but he subsequently returned. An execution, as well as an *alias* execution, was issued upon the judgment in Reed's favor, both of which executions were returned by the marshal nulla bona—the first August 26, 1910, and the other. September 6, 1910.

On Thompson's return to Alaska, Cummings claims to have sold to Thompson "all his interest in the saloon stock and licenses, and rented to him the saloon building and other buildings at Susitna for $20 per month," retaining the other interest covered by the deed to him from Thompson, which deed was never filed for record until 8:30 p. m. of May 22, 1910, at which time it was filed for record in the office of the recorder at Susitna, in Cook Inlet recording district, in which district the property in question is situate, and in which office, at 11:10 p. m. of the same 22d day of May, a certified copy of the original docket of Reed's judgment was also recorded. Thereafter the present suit was commenced by the judgment creditor to subject the property described in the deed from Thompson to Cummings to the payment of the judgment, on the alleged ground that the said conveyance was fraudulent and void. The issue made by the pleadings on that vital question was found against the defendants (appellants here); the court expressly finding as a fact:

"That on the 25th day of October, 1909, the defendant Eri Thompson executed a conveyance, in form a quitclaim deed, to the defendant J. M. Cummings, purporting to convey to J. M. Cummings the following described property, situate, lying, and being in Susitna, Cook Inlet precinct, Third judicial division, territory of Alaska, particularly described as follows, to-wit:

"That certain placer mining claim known as the Battle Axe, located on Thunder creek, a tributary of Cache creek, in Cook Inlet mining and recording precinct.

"An undivided one-half interest in and to that certain saloon situated in the town of Susitna, Alaska, known as Thompson and Price's saloon; to-

gether' with and including all fixtures, cigar and liquor license, and the lot or parcel of land whereon said saloon is situated.

"That certain log house adjacent to John Jones' bathhouse, and lying between said bathhouse and the general merchandise store of H. W. Nagley, in said Susitna; together with all fixtures and chattels therein contained, owned by said first party; and also that certain log cabin situated in the rear of said log house, with all chattels or other property therein contained.

"And caused said conveyance to be filed for record in the office of the recorder at Susitna in Cook Inlet recording district, district of Alaska, at 8:30 o'clock p. m., May 22d, in Book 3 of Deeds, p. 424.

"That said conveyance conveyed all of the property, real and personal, of the defendant Eri Thompson in the territory of Alaska out of which plaintiff could satisfy his judgment herein, and was made with intent to defraud the creditors of the said Eri Thompson."

It is strenuously urged by counsel for the appellants that the foregoing finding is against the evidence and that this court should so hold, on the ground that the trial judge "shifted the burden of evidence as to the bona fides of the sale from the plaintiff to the defendants."

That argument is based upon the following clause of the opinion of the lower court:

"While under section 1043, supra, the fraud presumed from want of change in possession is confined to personal property, yet in this case where both real and personal property was transferred by one instrument, which property constituted the entire estate of the debtor and there was no actual change of possession of any of the property until long subsequent, this, taken in connection with the various circumstances above pointed out, is sufficient to shift the burden of evidence as to the bona fides of the sale from the plaintiff to the defendants. Many circumstances may be mentioned of the class ordinarily denominated badges of fraud."

Some of the circumstances enumerated in the opinion may not be very persuasive, in view of the suggestions of learned counsel; but we are of the opinion, upon the whole record, that we would not be justified in refusing to be bound by the finding of fact made by the trial judge.

The deed from Thompson to Cummings being void for fraud, Reed's judgment became a lien upon the real property described in the deed upon the recording of the judgment in the office of the recorder of the district in which the property is situate, by virtue of the statute of Alaska (section 260, pt. 4, Carter's Codes) which reads as follows:

"Sec. 260. Immediately after the entry of judgment in any action the clerk shall docket the same in the judgment docket. At any time thereafter, while an execution might issue upon such judgment, and the same remains unsatisfied in whole or in part, the plaintiff, or in case of his death his representative, may file a certified transcript of the original docket in the office of the recorder of any recording district that may have been established in said district in accordance with law. Upon the filing of such transcript the recorder shall docket the same in the judgment docket in his office. From the day of docketing a judgment as in this chapter provided, or the transcript thereof, such judgment shall be a lien upon all the real property of the defendant within the recording district or districts where the same is docketed, or which he may afterwards acquire therein, during the time an execution may issue thereon."

The fact that the fraudulent deed was executed between the commencement of the action upon the debt and the entry of the judgment therein is unimportant.

"Whenever," said the Circuit Court of Appeals for the Eighth Circuit in Schofield v. Ute Coal & Coke Co., 92 Fed. 271, 272, 34 C. C. A. 336, 337, "a creditor has a vested right in or a lien upon property, the enforcement of which is hindered or rendered inadequate by a fraudulent conveyance or incumbrance, he may maintain a suit in equity to remove it, without showing an execution or return of it unsatisfied, or without exhausting his other legal remedies. Case v. Beauregard, 101 U. S. 688, 690, 691 [25 L. Ed. 1004]; McCalmont v. Lawrence, 1 Blatchf. 232, 15 Fed. Cas. 1249 (No. 8,676); Kittel v. Railroad Co. [C. C.] 65 Fed. 862; Tappan v. Evans, 11 N. H. 311; Wadsworth v. Schisselbauer, 32 Minn. 84, 87, 19 N. W. 390; Bank v. Newton, 13 Colo. 245, 249, 250, 22 Pac. 444; Loving v. Pairo, 10 Iowa, 282, 289 [77 Am. Dec. 108]; Cornell v. Radway, 22 Wis. 260; Beck v. Burdett, 1 Paige [N. Y.] 305, 308 [19 Am. Dec. 436]; Clarkson v. De Peyster, 3 Paige [N. Y.] 320; Newman v. Willetts, 52 Ill. 98.

"The case in hand falls within the latter class of cases, in which a judgment creditor may successfully invoke the aid of a court of equity. The filing of the transcript of the judgment in La Plata county fastened a lien securing its payment upon the interest of the coal and coke company in its real estate in that county, under the statutes of Colorado. Mills' Ann. St. Colo. §§ 2529, 2530, 2531, 4185 (5); Stephens v. Clay, 17 Colo. 489, 491, 30 Pac. 43 [31 Am. St. Rep. 328]; Bank v. Newton, 13 Colo. 249, 250, 22 Pac. 444. The argument that this lien was insufficient upon which to base a suit in equity to remove the fraudulent trust deed, because it was a general lien created under the statutes, and not a specific lien fixed by the levy of an execution, finds no support in the authorities, and fails to appeal to the reason with persuasive force. There are, indeed, opinions in which it is pertinently said, as in Jones v. Green, 1 Wall. 330 [17 L. Ed. 553], that a right of a judgment creditor rests upon the fact that the execution has been issued, and a specific lien has been acquired upon the property of the debtor by its levy. That is a true statement where the lien which the creditor seeks to enforce is acquired by such a levy, but no case has been called to our attention in which it has been held that it was necessary to issue an execution and make a levy which would create no lien before a suit could be maintained to remove a fraudulent obstruction to the enforcement of a lien already created without the levy. Under the statutes of Colorado, and under those of many other states, the lien of a judgment attaches to the real estate of the debtor when the judgment, or a transcript of it, is recorded or filed in the proper office in the county where the land is situated. The issue, levy, and return of an execution without the collection and payment of any part of the judgment neither increase nor diminish the force and efficacy of that lien. In the case at bar all the property which the judgment debtor has is real estate in La Plata county. The judgment is a lien upon all this property. The levy of an execution upon it could not make this lien more specific or more efficient, and the conclusion is irresistible that the general lien upon real estate created by entering a judgment or filing a transcript of it in the county where the lands of the debtor are situated, in accordance with the statutes which provide therefor, is a sufficient basis for the maintenance of a suit in equity to remove a fraudulent obstruction to the enforcement of that lien. Bump, Fraud. Conv. 535; Black, Judgm. § 400."

The judgment of the court below, which limited the lien and rights of the complaining creditor to the real property in question, is, accordingly, affirmed.