## STURGES et al. v. PORTIS MINING CO.

(District Court, E. D. North Carolina. June 28, 1913.)

No. 623.

1. FRAUDULENT CONVEYANCES (§ 172*)—VALIDITY AS BETWEEN PARTIES.

A transfer of property, fraudulent and void as to creditors, is nevertheless valid as against the grantor and his privies in estate.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 523–529, 542; Dec. Dig. § 172.*]

2. FRAUDULENT CONVEYANCES (§ 315*)—DECREE SETTING ASIDE—CONSTRUCTION AND OPERATION.

In a suit by a creditor under Revisal 1905, N. C. § 962, which makes voluntary deeds voidable as to creditors of the grantor when he fails to retain property of sufficient value available for the payment of his then existing debts, it was found that a voluntary conveyance of property by the debtor to his wife and codefendant was fraudulent and void in law under the statute "as to the plaintiff," and decreed that it be "set aside, revoked, rescinded, and annulled." The plaintiffs' debt was afterward paid. *Held*, that the decree could not be construed as going beyond the issues, and that the deed remained valid as between the defendants, and the property passed by a conveyance by the wife, after her husband's death, as against his heirs at law.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 973–975; Dec. Dig. § 315.*]

3. COURTS (§ 335*)—FEDERAL COURTS—PROCEDURE—EQUITABLE RELIEF IN LAW ACTION.

A federal court cannot grant affirmative equitable relief to the defendant, in an action at law removed from a state court, although that court under the state practice might have done so.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 902–907½; Dec. Dig. § 335.*]

At Law. Action by S. E. Sturges and others against the Portis Mining Company. On motion by defendant for judgment on the pleadings. Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas M. Pittman, of Henderson, N. C., for plaintiffs.
Guthrie & Guthrie, of Durham, N. C., for defendant.

CONNOR, District Judge.  The pleadings disclose the following case:  The locus in quo consists of 500 acres of land, lying and being situate in Franklin county, N. C., the boundaries of which are set forth in the pleadings.  The original tract, containing 933 acres, was conveyed by Stephen G. Sturges to his son, W. E. Sturges, on March 31, 1894.  (This deed conveyed five-sixths undivided interest; one-sixth undivided interest having theretofore been conveyed to Judge C. M. Cooke.  This fact does not affect the merits of this motion.)  On June 7, 1898, W. E. Sturges conveyed, in consideration of love and affection, to his wife, Mrs. Lelia A. Sturges.  At the date of this conveyance said W. E. Sturges was indebted to John R. Wheless in the sum of about $3,000.  Thereafter said Wheless instituted an action in the superior court of Franklin county against said W. E. Sturges and his wife, in which, at April term, 1900, thereof, upon issues submitted to a jury, it was found that, at the time of the execution of said deed, W. E. Sturges "did not retain sufficient property, in excess of his homestead and exemptions, to pay all of his then existing creditors."  Upon this verdict judgment was rendered that plaintiff Wheless recover of defendant W. E. Sturges the amount of his debt $3,112.56, and:

"It being made to appear to the court, from the proof and pleadings and from the inspection of the record, that the defendant W. E. Sturges, on the 17th day of June, 1898, for the consideration of natural love and affection, and for the other consideration thereto moving, did execute to the codefendant Lelia A. Sturges, who is the wife of the defendant W. E. Sturges, a deed by which he undertook to convey to the said Lelia A. Sturges a five-sixths undivided interest in and to the following described tract or parcel of land;  *  *  * and it appearing and being, by the jury, found as their verdict that, at the time of the voluntary conveyance by W. E. Sturges to his wife, Lelia A. Sturges, the defendant W. E. Sturges was indebted to the plaintiff John R. Wheless in the sum of nearly $3,000, and that he did not retain property sufficient in value and in excess of his homestead and personal property exemptions to pay his then existing creditors what he justly and legally owed them;  *  *  *  Now, therefore, it is declared, considered, adjudged and decreed that the said deed, so attempted to be made by W. E. Sturges to Lelia A. Sturges  *  *  *  is fraudulent and void in law as to the plaintiff John R. Wheless and the same is hereby set aside, revoked, rescinded and annulled."

The court thereupon directs that Judge Cooke, the other tenant in common of said land, be made a party defendant, to the end that his one-sixth interest be allotted and set apart to him, and the cause "is held for further orders."

On the 13th day of February, 1901, the record contains the following entry signed by counsel for plaintiff:

"Received of C. M. Cooke, attorney for defendant, three thousand dollars in full payment of the principal and interest of this judgment."

It does not appear that any further proceedings were had in the cause.

On January 23, 1901, Judge Cooke conveyed to Mrs. Lelia A. Sturges his one-sixth undivided interest in the land.  W. E. Sturges

died intestate prior to this date, leaving the plaintiffs his children and heirs at law. Mrs. Lelia A. Sturges occupied the land until January 25, 1909, when, in consideration of $150,000, she sold and conveyed that portion of said land described in the pleadings containing 500 acres, with full covenants of warranty, to A. C. Deniston who, on February 8, 1909, conveyed, with full covenants of warranty, the same land to the defendant Portis Mining Company. Mrs. Sturges thereafter died, leaving a last will and testament. As both parties claim under W. E. Sturges, the plaintiffs as his heirs at law, and defendant by the recited conveyances, the sole question presented upon the pleadings is which of them have his title. It is not denied by plaintiffs that the deed executed by W. E. Sturges to his wife, Mrs. Lelia A. Sturges, June 17, 1898, was sufficient in form to convey his title to her and was delivered to her. It was duly and properly admitted to probate and registration. The plaintiffs' contention is thus clearly stated in their reply to the new matter set up in defendant's answer.

"The claim of plaintiffs to recover in this action, so far as they are now informed and believe, rests upon the said cancellation and avoidance of said deed by the judgment above recited; and, if the same did not avoid the said attempted conveyance, and revest the title to said land in the said W. E. Sturges, they have no right of recovery herein. Plaintiffs expressly repudiate any suggestion that the said conveyance between their father and mother was infected with any element of bad faith or fraudulent purpose or moral turpitude, but the same was only fraudulent in law as adjudged."

This language very properly relieves the case of any question which might arise under the provisions of section 960, Rev. 1905, being substantially a re-enactment of St. 13 Elizabeth, c. 2, wherein deeds are declared void as to creditors if "contrived and devised of fraud to the purpose and intent to delay, hinder, and defraud creditors," etc. It is conceded that the only infirmity in the deed is found in the provisions of section 962, Revisal, avoiding voluntary deeds "as to creditors of the donor or grantor, when he fails to retain property of sufficient value, available for the payment of his then existing debts."

[1] It is settled by uniform and ample authority in North Carolina, and elsewhere, that conveyances within the condemnation of the statute of St. 13 Elizabeth (Rev. § 960) are good and valid as against the grantor or maker and his privies in estate; they are fraudulent and void only "as to creditors." York v. Merritt, 80 N. C. 285; Hallyburton v. Slagle, 130 N. C. 487, 41 S. E. 877. The doctrine, sustained by an unbroken current of decided cases, is thus stated:

"No rule of law is more firmly established than that a transfer of property made in fraud of creditors, while void as to them, is binding upon the parties and those in privity with them. The statutes against fraudulent conveyances are designed merely to protect the interest of creditors, and their provisions do not, in any manner, affect the rights of the parties to the conveyance, and these must therefore be determined by the principles of the common law." 14 Am. & Eng. Enc. 274.

So it is held that:

"When property has been fraudulently conveyed by deed the grantor, his heirs and assigns, are afterwards estopped to set up the fraud as a foundation for an action at law for the recovery of the property." Id. 274.

Nor will a court of equity assist him to recover the property. York v. Merritt, supra. The learned counsel for defendant, in their well-considered brief, quote from Moore on Fraudulent Conveyances, vol. 2, section 9, page 1025:

"A decree avoiding a deed as to creditors of the grantor leaves the deed operative inter partes. The legal effect of a judgment declaring a conveyance void as against a judgment creditor is not to restore title to the debtor, but to make the property subject in the hands of the grantee to the judgment lien, and clear the way for the judgment creditor to sell in satisfaction thereof."

[2] In Bell v. Wilson, 52 Ark. 171, 12 S. W. 328, 5 L. R. A. 370, it is said that:

"A decree setting aside a conveyance as a fraud upon the grantor's creditors does not make the deed invalid as to any one except such creditors."

The learned counsel for plaintiff meets this contention by saying:

"It may be that Wheless was only entitled in law to a judgment or decree to the extent that the conveyance was an obstacle to the recovery of his debt. Yet it is competent for the parties to litigate beyond the mere allegations of the pleadings; and, if the judgment goes beyond the plaintiff's right of recovery it will be presumed that the parties did litigate such matter and by consent."

He further says:

"If the judgment went further than the law, on the facts, warranted, it was error to be corrected on appeal, and not by collateral attack."

If the defense to this action involves a collateral attack on the judgment rendered in the action determined in the superior court of Franklin county, it cannot be maintained. If the judgment rendered in that action is properly interpreted by plaintiffs, although erroneous, yet if it was "within the issue" raised by the pleadings, it is not open to attack—the only remedy open to the party against whom it was rendered was to have it reversed or corrected upon an appeal. Settle v. Settle, 141 N. C. 569, 54 S. E. 445; Bunker v. Bunker, 140 N. C. 18, 52 S. E. 237.

In inquiring into the validity of a judgment invoked as the basis of a recovery, or a defense, in another action, it is always necessary to examine the entire record, to the end that it may be ascertained whether the court was empowered to render such judgment—whether the parties had brought the question determined, within the jurisdiction of the court. In Jones v. Davenport, 45 N. J. Eq. 77, 17 Atl. 570, cited in Settle v. Settle, supra, it is said:

"A decree or judgment, on a matter outside of the issue raised by the pleadings, is a nullity, and is nowhere entitled to the least respect as a judicial sentence."

The writer of this opinion, speaking for the court in that case, after reviewing the authorities, said:

"The test appears to be whether the questions which passed into the decree were presented to the attention of and (were) within the jurisdiction of the court; the parties being before the court."

Applying this principle to the judgment relied upon by plaintiffs, for the purpose of taking the title out of Mrs. Lelia A. Sturges and vest-

ing it in W. E. Sturges, we find that the plaintiff Wheless was seeking to remove the deed made by his debtor, so far as it operated to obstruct the process of the court in the enforcement of his right to subject the land to the payment of his debt. He was in no other way concerned with the purpose of the husband to give the land to his wife. He made only such allegations as were proper to bring his grievance to the attention of the court; no other issue was, or could be, raised between the grantor and grantee and himself. That purpose being accomplished, he was content; he had no other cause of complaint. If the court, in this condition of the pleadings, and as between Wheless and Sturges and wife, had decreed the title to the land to be, for all purposes, in W. E. Sturges, it would have acted "outside the issue," or, as said by Mr. Justice Brewer in Reynolds v. Stockton, 140 U. S. 255, 265, 11 Sup. Ct. 773, 35 L. Ed. 464, rendered a judgment which was not "substantially responsive to the issues presented by the pleadings." Numerous cases may be found in the state and federal reports in which the courts have undertaken to define and apply the doctrine of res judicata. It is doubtful whether an attempt to reconcile many of them would be profitable or successful. To this extent, at least, it may safely be said the law is reasonably well settled—that a judgment is res judicata in respect to all matters actually put in issue by the pleadings. For the purposes of the instant case, this rule is sufficient. As between the plaintiff Wheless and the defendants the only question put in issue and decided by the jury was whether, the deed being voluntary, Sturges retained property of sufficient value to pay his existing indebtedness. That being found by the jury, the only judgment which could have been rendered was that "as to the plaintiff" it was void. The title to the land, as between Sturges and his wife, was not in issue; neither of them suggested by any pleading that the court was invited or empowered to pass a judgment or make deliverance, as between them; an inspection of the judgment discloses that the court carefully restricted its judgment to the validity of the deed "as to the plaintiff." The judgment against W. E. Sturges having been paid before any further action was taken, the plaintiff Wheless had no further interest in the cause, or the title to the land—the cancellation of the judgment left the parties to the deed as they were before the action was brought. Plaintiffs say, however, that the court adjudged the deed to be "revoked, set aside, rescinded, and annulled"; that, from and after this adjudication, there was no deed in existence, and of necessity the title revested in W. E. Sturges. The same argument was made in the case of Allred v. Smith, 135 N. C. 443, 47 S. E. 597, 65 L. R. A. 924. There, a deed was attacked for that the grantor was without sufficient mental capacity to execute it. The jury having so found, a decree was passed declaring the deed "null and void," and directing its cancellation. Thereafter, in another action, the effect of this decree upon the rights of persons who were not parties to the original action was passed upon. It was said, in regard to the language of the decree, that the deed was avoided only as between the parties to the action. So here, the deed was declared void, etc., only in so far as its validity was "put in issue," and was necessary to afford the plain-

tiff the relief to which, upon the facts alleged by him and found by the jury, he was entitled. The land in controversy is of large value, and the development of its resources is dependent upon the assurance of the title. The question raised by the plaintiffs is more interesting than difficult of solution. Considered either from the viewpoint of the jurisdiction of the court to render a judgment involving the result contended for by plaintiffs, or the construction of the language of the decree in the light of the pleadings in that action, the defendant's motion should be granted. The facts upon which the merits of the litigation depend are uncontroverted, and fully stated in the pleadings. The motion, treated as a demurrer, is an appropriate way to bring the cause to a determination. There is no controverted question of fact.

[3] The defendant, by way of counterclaim and affirmative equitable relief, asks that a decree be made quieting its title. This cannot be done for more than one reason. This is an action at law, and while, if it had remained in the state court, wherein the distinction between actions at law and suits in equity do not obtain—the court could have granted such relief, either legal or equitable, as upon the facts found, the parties may be entitled to—in this court such distinctions prevent the administration of purely equitable remedies in actions at law. While, by the new equity rules (rule 22 [198 Fed. xxiv, 115 C. C. A. xxiv]) it is provided:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be then proceeded with, with only such alterations in the pleadings as shall be essential."

Such change in the procedure does not abolish or in any degree change the essential distinctions existing between legal and equitable rights and remedies; they are fundamental. This case was, upon its removal into this court, properly docketed on the law side. It involved only the legal title to the land. If, however, the case was on the equity side or, if in a court, proceeding under the code practice, the defendant would encounter the difficulty in asserting his equitable counterclaim that it shows no equity for the relief demanded. It does not appear that there is in existence any paper, or other muniment of title, affecting the land which should be canceled or declared invalid. If the equity asserted be that the new matter set up in the answer entitles it to an injunction against the institution of other actions of ejectment, in the nature of a bill of peace, it is manifest that, under the well-settled principles of equity jurisprudence, no case is made upon the pleadings upon which such relief could be granted. Adams, Eq. 199-202.

The defense set up by way of an estoppel in pais need not, in view of what has been said, be considered.

The motion of defendant must be granted. A judgment to that effect may be drawn.