ELLIS v. REED.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1917.)

No. 2811.

1. ATTACHMENT ⬅167—RECORDING CERTIFICATE—NECESSITY—RIGHTS OF PURCHASER.

Comp. Laws Alaska 1913, § 974, requiring the marshal to make a certificate of attachment of real property and deliver it to the commissioner for record within 10 days, and declaring that when the certificate is so filed the lien shall attach from the date of the attachment, but if filed afterwards shall only attach as against third persons from the date of the subsequent filing, means that the record of the certificate shall affect only third persons who acquired interests in the property after the date of the attachment, and the failure of the marshal to record the certificate does not invalidate the attachment against a remote purchaser from the attachment debtor, who acquired the land, before the attachment was levied, under a contract on which he owed more than the amount of the attachment debt, and who had actual notice of the attachment within a short time after it was levied.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 482–485; Dec. Dig. ⬅167.]

2. FRAUDULENT CONVEYANCES ⬅315(2)—EVIDENCE—JUDGMENT IN OTHER SUIT.

A prior judgment, setting aside a conveyance of property as a fraud against the creditors, who were plaintiffs therein, invalidates the conveyance only as to those creditors, and is not evidence of fraud in subsequent proceedings by different creditors against one to whom the first grantee had conveyed the property, and who was not a party to an original suit.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 974; Dec. Dig. ⬅315(2).]

Appeal from the District Court of the United States for the First Division of the Territory of Alaska; Fred M. Brown, Judge.

Suit by J. L. Reed against M. A. Ellis. Decree for plaintiff, and defendant appeals. Reversed and remanded.

On October 25, 1909, Thompson by quitclaim deed conveyed the Battle Axe mining claim to Cummings. On April 25, 1910, Reed, who is the appellee in the present suit, recovered a judgment against Thompson for $1,598.80, for work performed by the plaintiff's assignors. On September 22, 1910, Reed brought a suit to set aside the deed from Thompson to Cummings as fraudulent, and made with intent to hinder and delay creditors. In that suit the

.deed was held void as to the plaintiff's assignors. An appeal was taken to this court, and on February 3, 1913, the decree was affirmed. Thompson v. Reed, 202 Fed. 870, 121 C. C. A. 228. In the meantime, on December 7, 1911, Cummings executed to Harper an option to purchase the mining claim for the sum of $10,000 to be paid in installments. On December 19, 1911, Harper assigned his interest in the option to Ellis, the appellant herein. Ellis made the final payment of $3,000 on the option in February, 1913, and on February 28, 1913, Cummings executed to him a conveyance of the mining claim. The present suit was brought to subject the mining claim to the lien of two attachments levied thereon on September 22, 1912, in actions brought by two creditors of Thompson, who had obtained judgments against him, one for $582.68, with interest and costs, the other for $822.30, with interest and costs, which judgments had been assigned to the appellee. The court below found that the deed from Thompson to Cummings was made with intent to hinder, delay, and defraud Thompson's creditors, including the appellee's assignors, and that the same was null and void as to the appellee; that the appellant, prior to making his final payment on the contract, had actual notice of Thompson's fraudulent conveyance, and all the facts affecting Cummings' title, and had actual notice of the appellee's liens by virtue of the attachments of September 22, 1912; that those liens were superior to and unaffected by the conveyance from Cummings to the appellant. Judgment was rendered accordingly, seting aside the conveyance from Cummings to Ellis, in so far as the same conflicts with the appellee's judgments and attachments and liens thereunder, and directing that execution issue accordingly.

Edward Judd and Otto E. Sauter, both of Seattle, Wash., and S. O. Morford and J. J. Finnegan, both of Seward, Alaska, for appellant.

J. L. Reed, John Lyons, and E. E. Ritchie, all of Valdez, Alaska, for appellee.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The appellant contends that the appellee's assignors obtained no lien upon the mining claim by their attachments, for the reason that no certificate was filed in compliance with section 974, Compiled Laws of Alaska, which provides that, if real property be attached, the marshal shall make a certificate, and within ten days from the date of the attachment shall deliver the same to the commissioner for record in the district in which the real property is situated, and declares:

"When such certificate is so filed for record, the lien in favor of the plaintiff shall attach to the real property described in the certificate from the date of the attachment, but, if filed afterwards, it shall only attach, as against third persons, from the date of such subsequent filing."

We think the statute means that the record of the certificate shall affect only third persons; that is, persons who purchase or acquire interest in the property after the date of the attachment. Dickson v. Back, 32 Or. 217, 223, 51 Pac. 727. The appellant here was not a "third person" within the meaning of the statute. It was his property that was attached. He was still owing on his contract more than enough to satisfy the claims of the attaching creditors. He had actual notice of the attachments within a very short time after they were levied, and he was thereby put upon notice to ascertain the nature of the claims that were asserted against his property.

[2] The principal question in the case is whether there was evidence to sustain the decree. The only proof offered to show that the transfer from Thompson to Cummings was fraudulent was a transcript of the judgment rendered in the case of Reed v. Thompson et al., which was affirmed by this court in Thompson v. Reed, 202 Fed. 870, 121 C. C. A. 228. The appellant objected to the admission of the judgment as not binding upon him, for the reason that neither he nor the assignors of the appellee were parties to that suit, and for the reason that by that judgment the conveyance from Thompson to Cummings was held void only as to the creditors who were represented in that suit. We think the objection should have been sustained. In such a suit to set aside a fraudulent conveyance, all that the plaintiff can demand, and all that the court can award him, is that the conveyance be annulled or removed so far as it obstructs the enforcement of his judgment. A decree in such a suit does not affect the validity of the transfer by the conveyance as between the grantor and the grantee. 20 Cyc. 821, 822. When fraud has been established as to one creditor, it has not the effect to vitiate the conveyance as to all other creditors. The decree in such a suit merely avoids the conveyance as to the plaintiff therein, and as to all the other creditors it remains as though no proceedings had been taken.

On the question whether the conveyance was fraudulent as to the creditors represented in the present suit, the appellant here was entitled to his day in court. The question of fraud is not disposed of by a prior adjudication to which these creditors were not parties nor privies. Byrd v. Hall, 196 Fed. 762, 117 C. C. A. 568; McCalmont v. Lawrence, 1 Blatchf. 232, Fed. Cas. No. 8,676; Sturges v. Portis Mining Co. (D. C.) 206 Fed. 534; Goodwin v. Snyder, 75 Wis. 450, 44 N. W. 746; Bell v. Wilson, 52 Ark. 171, 12 S. W. 328, 5 L. R. A. 370; McDowell v. McMurria, 107 Ga. 812, 33 S. E. 709, 73 Am. St. Rep. 155; Kerr v. Hutchins, 46 Tex. 384.

The decree is reversed, with costs to the appellant, and the cause is remanded to the court below, to afford the appellee the opportunity to take such proceedings as are suggested in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267.