ELLIS v. REED.

(Circuit Court of Appeals, Ninth Circuit. May 19, 1919.)

No. 2811.

APPEAL AND ERROR ☞1194(1)—MANDATE AND PROCEEDINGS IN LOWER COURT.
    Where the mandate of the Circuit Court of Appeals on reversal of an equity cause permitted appellee to file a motion for rehearing to enable him to introduce competent evidence on an issue, which was done and an order for rehearing made, but because of the prior ending of the term such motion was not available, the order may on petition for prohibition, properly be treated as one for further examination of the issue on which reversal was ordered.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska.

Suit by J. L. Reed against M. A. Ellis. Decree for complainant was reversed (238 Fed. 341, 151 C. C. A. 357), and cause remanded. On petition by appellant for writ of prohibition. Denied.

This proceeding grows out of the order made by this court in Ellis v. Reed, 238 Fed. 341, 151 C. C. A. 357, to which reference is had to explain the nature of the suit. This court reversed the decree of the District Court, and remanded the cause to the court below, "to afford the appellee the opportunity

to take such proceedings as are suggested in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267." Ellis has now applied to this court for writ of prohibition, and, after setting forth the order of the Court of Appeals, alleges that on July 11, 1917, a petition for rehearing was presented to the District Court; that on July 11, 1917, the District Court granted a petition for rehearing, and placed the cause on the docket for hearing at Seward, Alaska. Petitioner alleges that there is nothing in the record which showed when the terms of the District Court were held in the territory of Alaska; that the original decree was entered by the court on the 12th of November, 1915, and that between the time of the rendition of the decree and the filing of the petition for rehearing the term at which the decree was entered had long since adjourned; that at the time of the entry of the order for a rehearing the time for filing a petition for rehearing had long since expired, and that the District Court was without jurisdiction.

This court issued an order that Judge Brown, as the judge of the District Court in Alaska, show cause why writ should not issue. The judge, by his return, sets forth that the complaint in Ellis v. Reed, supra, was filed in the Third division of the territory of Alaska on September 26, 1914, and the cause placed on the Seward calendar, to be heard at Seward under the rules of the court; that it was heard on the 12th of November, 1915, at Seward; that the term adjourned sine die on the 13th of November, 1915; that the findings of fact and conclusions of law and judgment were entered December 1, 1915; that thereafter time was extended to appellant, Ellis, to file and settle bill of exceptions and to perfect his appeal; that the appeal was perfected and the judgment superseded by bond approved May 27, 1916, and appeal taken; that while the appeal was pending in the Circuit Court of Appeals the term of the District Court of Alaska, Third Division, was held at Seward, Alaska, convening July 27, 1916, and adjourning sine die September 5, 1916; that the mandate reversing the judgment was issued on February 8, 1917, and filed in the District Court on June 8, 1917; that on June 13, 1917, the appellee in the case, Reed, filed motion for rehearing, and an order granting rehearing was made on July 26, and the order required the cause to be docketed and placed upon the Seward calendar for rehearing; that between the date of entry of said judgment, December 1, 1915, and the order granting the rehearing, July 26, 1917, but one term of the District Court was held at Seward, Alaska, which convened July 27, 1916, and adjourned sine die September 5, 1916, during which time the judgment was superseded and the cause was pending upon appeal in the Circuit Court of Appeals.

Otto E. Sauter and Edward Judd, both of Seattle, Wash., and Corbet & Selby, of San Francisco, Cal., for petitioner.

E. E. Ritchie, of Valdez, Alaska, for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The order of reversal in Ellis v. Reed, 238 Fed. 341, 151 C. C. A. 357, was based upon error by the District Court in ruling that the transcript of judgment in Reed v. Thompson, affirmed in 202 Fed. 870, 121 C. C. A. 228, was proof that the conveyance therein considered from Thompson to Cummings was fraudulent and binding upon the appellant in Ellis v. Reed, supra. Our expressed view was that the question whether the conveyance was fraudulent as to the creditors in Ellis v. Reed, supra, was not disposed of by prior adjudication to which certain creditors were not parties or privies; hence reversal followed. It would have been proper to have made the order a reversal with a remand to the lower court, with directions to afford appellant opportunity to offer competent evidence, if he could, to sustain the material

allegations which the District Court, by erroneous ruling, had held were sustained. But as we acted upon the hypothesis that the term of the District Court at which the decree was made was not ended, and that appellee could move for a rehearing as indicated in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, we added the purpose of the remand and the practice to be pursued. It is fair to say that, had the record then before us showed on its face that the term of court at which the final decree of the District Court was rendered had ended, and that therefore there could be no motion for rehearing in the District Court, our order would not have contained such limited reference to a procedure, for we clearly intended that the reversal and the remand should be without prejudice to the appellee to make proof, if he could, by competent evidence.

We are satisfied, however, that motion for rehearing was not available. On the other hand, the order of the District Court for rehearing was evidently made with a view of complying with our mandate. This being so, why may not such order be regarded as, in effect, one merely for further examination by the District Court into the point upon which reversal was ordered? By regarding it in such light, the order may be safely treated not as granting a new hearing upon the pleadings and evidence already in the case, but rather as for a further examination of a point upon which the District Court, by advice of this court, could receive new or additional evidence. When regarded and limited in this way, the order may be one carrying out the substance of the decision of this court in the main case, and made without apparent violation of the order of this court.

In equity cases the practice of remanding for further examination is proper, and we are of opinion that it may be pursued in the present instance. Peoria Gas & Elec. Co. v. Peoria, 200 U. S. 48, 26 Sup. Ct. 214, 50 L. Ed. 365; Westinghouse Co. v. Wagner Elec. & M. Co., 225 U. S. 604, 32 Sup. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653; Barber v. Coit, 118 Fed. 272, 55 C. C. A. 145. Giving to the order the limited effect indicated, we do not think prohibition should issue.

The writ is therefore denied, and the petition is dismissed, at petitioner's costs.