### REED v. THOMPSON et al.

(Third Division.   Valdez.   October 29, 1919.)

No. 964.

Appeal and error ⬤⟹1212(1)—Trial on Remand—Practice.

On former appeal in this case the Circuit Court of Appeals denied a writ of prohibition and remanded the case to this court for further proceedings in compliance with that decision. Regarding the order of the Circuit Court of Appeals as "one merely for further examination by the district court into the point upon which reversal was ordered," this court has heard the evidence and adjudged accordingly.

J. L. Reed and E. E. Ritchie, both of Valdez, for plaintiff. Donohoe & Dimond, of Valdez, for defendant Ellis. S. O. Morford, of Seward, for other defendants.

BUNNELL, District Judge.   From a judgment in the above-entitled cause under date of December 1, 1915, the defendants appealed.   The Circuit Court of Appeals, in Ellis v. Reed, 238 Fed. 341, 151 C. C. A. 357, reversed the decree of this court, remanding the case to the district court to afford the appellee the opportunity to take such proceedings as are suggested in

⬤⟹See same topic.& KEY-NUMBER in all Key-Numbered Digests & Indexes

Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267. The mandate of the Circuit Court of Appeals was filed in this court June 8, 1917. Thereafter, and on the 13th of June, 1917, the appellee filed a petition for rehearing, which was granted, as will more fully appear by reference to the decision of the court filed herein July 20, 1917, and order of the court filed July 26, 1917. A petition for writ of prohibition was filed in the Circuit Court of Appeals on October 21, 1918, and an order to show cause issued on said date to the judge of this court. The return thereon having been made, and said petition and return having been submitted on the 24th of February, 1919, thereafter, and on the 19th day of May, 1919, the Circuit Court of Appeals rendered its opinion (Ellis v. Reed, 258 Fed. 919, 169 C. C. A. 639), denying said petition for writ of prohibition. In its decision the court said:

"The order of reversal in Ellis v. Reed, 238 Fed. 341, 151 C. C. A. 357, was based upon error by the district court in ruling that the transcript of judgment in Reed v. Thompson, affirmed in 202 Fed. 870, 121 C. C. A. 228, was proof that the conveyance therein considered from Thompson to Cummings was fraudulent and binding upon the appellant in Ellis v. Reed, supra. Our expressed view was that the question whether the conveyance was fraudulent as to the creditors in Ellis v. Reed, supra, was not disposed of by prior adjudication to which certain creditors were not parties or privies; hence reversal followed. It would have been proper to have made the order a reversal with a remand to the lower court, with directions to afford appellant opportunity to offer competent evidence, if he could, to sustain the material allegations which the district court, by erroneous ruling, had held were sustained. But as we acted upon the hypothesis that the term of the district court at which the decree was made was not ended, and that appellee could move for a rehearing as indicated in Roemer v. Simon, 91 U. S. 149, 23 L. Ed. 267, we added the purpose of the remand and the practice to be pursued. It is fair to say that, had the record then before us showed on its face that the term of the court at which the final decree of the district court was rendered had ended, and that therefore there could be no motion for rehearing in the district court, our order would not have contained such limited reference to a procedure, for we clearly intended that the reversal and the remand should be without prejudice to the appellee to make proof, if he could, by competent evidence.

"We are satisfied, however, that motion for rehearing was not available. On the other hand, the order of the district court for rehearing was evidently made with a view of complying with our mandate. This being so, why may not such order be regarded as, in effect, one merely for further examination by the district court

into the point upon which reversal was ordered? By regarding it in such light, the order may be safely treated not as granting a new hearing upon the pleadings and evidence already in the case, but rather as for a further examination of a point upon which the district court, by advice of this court, could receive new or additional evidence. When regarded and limited in this way, the order may be one carrying out the substance of the decision of this court in the main case, and made without apparent violation of the order of this court."

Regarding the order of the Circuit Court of Appeals as "one merely for further examination by the district court into the point upon which reversal was ordered," and pursuant to the several stipulations of counsel for the taking and submitting of testimony, this matter came on regularly for hearing on the 25th day of October, 1919.

An extended discussion of the evidence in the case could serve no useful purpose. It discloses an ordinary instance of fraudulent transfer for the purpose of avoiding honest obligations. According to the evidence Wallace took the clean-up and failed to pay the labor. Thompson, the partner, put his property out of his hands in order that it could not be held liable for the payment of claims that were as much the obligations of Thompson as of Wallace. The entire series of transactions between Thompson and Cummings leads to but one conclusion. The fraud charged in the complaint is proven by more than a fair preponderance of the evidence; it is in fact proven to my satisfaction beyond a reasonable doubt. It is not a case of a single questionable transaction, suggesting a possible fraudulent transfer, but an extended series of transactions, which preclude one from reconciling them with honest intentions and honest acts.

Findings and conclusions in accordance with the views herein expressed may be prepared and submitted.