## HALL et al. v. UNITED STATES.

No. 1130.

Circuit Court of Appeals, Tenth Circuit.

June 6, 1935.

Rehearing Denied June 24, 1935.

Frank Hickman and C. B. Stuart, both of Tulsa, Okl. (Irvine E. Ungerman and W. L. Coffey, both of Tulsa, Okl., on the brief), for appellants.

Joe W. Howard, Asst. U. S. Atty., of Tulsa, Okl. (C. E. Bailey, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

Amos T. Hall, Commye Gray, Elmer E. Bowser, and Julius W. Tyler were charged by indictment with conspiracy to commit the offense of perjury and subornation of perjury. Bowser pleaded guilty. Hall and Gray were convicted and have appealed.

Bowser, called as a witness for the United States, testified that he and Gray swore falsely as to material facts at the trial of a personal injury action brought by Gray against Stahl and Ekols in the United States District Court for the Northern District of Oklahoma. His testimony that Gray testified falsely in that action was corroborated by other witnesses and by other facts and circumstances. His testimony also established the conspiracy.

Counsel for the appellants urge that the conviction of Hall rests upon the testimony of Bowser, that it was uncorroborated either by another witness or by other facts and circumstances, and therefore the trial court erred in denying Hall's motion for a directed verdict of not guilty.

A conspiracy and the substantive crime which is the object of the conspiracy, are different offenses. United States v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211. And here the offense charged was neither perjury nor subornation of perjury, but a conspiracy to commit those offenses. To establish the conspiracy, it was not necessary to prove that the substantive offenses had been committed. Williamson v. United States, 207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278. Hence it was not necessary to establish the perjury, either by the testimony of two witnesses, or by that of one witness and corroborating circumstances.

It would have been better practice for the court to have given a cautionary instruction with respect to the testimony of an accomplice, but none was requested, and the failure to give one in the absence of a request was not error. Holmgren v. United States, 217 U. S. 509, 523, 524, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

After the appeal had been perfected, but before the expiration of the term at which the judgments appealed from were rendered, appellants filed a motion for a new trial on the ground of newly discovered evidence. The trial court rightly held it was without jurisdiction to pass upon the motion. In Midland Terminal Ry. Co. v. Warinner (C. C. A. 8) 294 F. 185, 189,

170

the court said: "As the first writ of error had been perfected, the trial court had no jurisdiction, pending the same, to permit a motion for new trial to be filed or to take any action thereon or affecting the existing judgment." See, also, Great Western Stage Equipment Co. v. Iles (C. C. A. 10) 70 F.(2d) 197, 199, 200.

 The jurisdiction of the Circuit Courts of Appeals is purely appellate, and they have no original jurisdiction except such as is necessary to aid, protect, or enforce their appellate jurisdiction. United States v. Mayer, 235 U. S. 55, 65, 35 S. Ct. 16, 59 L. Ed. 129; Frankel v. Woodrough (C. C. A.) 7 F.(2d) 796, 797; Whitney v. Dick, 202 U. S. 132, 137, 26 S. Ct. 584, 50 L. Ed. 963. For us to entertain a motion for a new trial filed in the District Court, would be to exercise original, not appellate, jurisdiction.

The proper procedure is indicated in Roemer v. Simon, 91 U. S. 149, 150, 23 L. Ed. 267, where the court said: "It is clear, that, after an appeal in equity to this court, we cannot, upon motion, set aside a decree of the court below, and grant a rehearing. We can only affirm, reverse, or modify the decree appealed from, and that upon the hearing of the cause. No new evidence can be received here. Rev. Stat. § 698 [28 USCA § 863]. The court below cannot grant a rehearing after the term at which the final decree was rendered. Equity Rule, 88. It would be useless to remand this cause, therefore, as the term at which the decree was rendered has passed. If the term still continued, the proper practice would be to make application to the court below for a rehearing, and have that court send to us a request for a return of the record, in order that it might proceed further with the cause. Should such a request be made, we might, in a proper case and under proper restrictions, make the necessary order; but we cannot make such an order on the application of the parties. The court below alone can make the request of us. The application of the parties must be addressed to that court, and not to us." See, also, Realty Acceptance Corporation v. Montgomery, 284 U. S. 547, 551, 52 S. Ct.

215, 76 L. Ed. 476, which cites with implied approval Roemer v. Simon, supra.

 We hold we have no power to pass originally upon the motion for a new trial.[1]

Affirmed.

---

[1] See, however, Dowling v. United States (C. C. A. 6) 23 F.(2d) 679, where the Circuit Court of Appeals held that under its ancillary appellate jurisdiction, it could entertain a motion for a new trial filed in the District Court after a writ of error had been granted, but presented as a motion addressed to the Circuit Court of Appeals.