**WOOD et al. v. PORTER, Price Administrator.**

No. 13433.

Circuit Court of Appeals, Eighth Circuit.

Oct. 24, 1946.

Tyree C. Derrick, of St. Louis, Mo., for appellants.

Charles Seibold, of Jefferson City, Mo. (David London, Director, Litigation Division, Office of Price Administration, of Washington, D. C., Leonard M. Cox, Regional Litigation Atty., of Waco, Tex., George L. Robertson, Dist. Enforcement Atty., of Fort Worth, Tex., and James D. Dockery, Dist. Litigation Atty., of St. Louis, Mo., on objections to motion), for appellee.

Before STONE and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

This is an action by the Price Administrator for injunction and triple damages based on claimed violations of price regulations. During introduction of evidence by plaintiff, his counsel stated as follows: "If the Court please, it is evident that the refusal of the witness to answer questions on the ground that to do so might incriminate him has left us without adequate proof to make this lawsuit. We had reason to believe that we could, by reason of a deposition in another case. We ask leave of the Court to dismiss." Thereupon, the Court entered an order, the pertinent portion here being as follows: "whereupon the introduction of evidence in chief on behalf of plaintiff on such trial is commenced, pending which plaintiff orally requests and is granted leave to dismiss cause of action herein; whereupon the Court doth order that submission of this cause be and it is hereby vacated and jury discharged and doth further order that this cause be and it is hereby dismissed."

The above proceedings were had on May 7, 1946. On July 29, 1946, within the same Term, defendants filed a "Motion to correct entry of judgment" wherein they prayed that the judgment be corrected to show dismissal "with prejudice." On July 30, 1946, defendants filed notice of appeal "from that part of the final order entered in this action on May 7, 1946, dismissing the said cause of action, on account of the failure of the court to dismiss the said cause of action with prejudice." Appeal bond and transcript of all proceedings and evidence have been filed in this Court.

On September 9, 1946, appellants filed a "Motion to Remand" this cause for hearing on the motion to correct and "for any other orders which to the court seem just and proper," stating therein "that at the time the motion [to correct] was filed, the court was absent and appellants could not be heard on said motion before the time for appeal had elapsed." The motion is opposed.

At oral argument of the motion, the parties agreed that the Judge entering the judgment was absent from the District at the time the motion to correct was filed and until after three months following the judgment. Thus no opportunity existed to present the motion before the time for appeal, if such time began with entry

of the judgment. The appeal was taken out of abundance of caution to preserve the rights of appellants in this situation.

Appellants' position is that they are entitled to the dismissal "with prejudice" as matter of right; but that, at least, it is a matter of discretion with the trial judge so to order and the suggestion is made that the trial court overlooked the matter or intended so to order and otherwise would have made the correction now sought.

In so far as the *right* to such correction as matter of law, the present record presents that issue and there is no need for remand. In so far as a desire by the trial court either to consider the motion, belatedly filed, or to alter the judgment of dismissal, we are not advised. We think we should not remand the case for that purpose unless the trial Court so desires. Compare Roemer v. Simon et al., 91 U.S. 149, 23 L.Ed. 267.

Therefore, an order will be entered denying the motion to remand unless within thirty days hereafter there be filed with the Clerk of this Court a request from the trial judge that the case be remanded for the purpose of affording him an opportunity to consider and determine the motion to "correct" the judgment. If such request be so filed, the case will be remanded for that purpose only.