**Nicolo SAN FILIPPO, Petitioner, Appellant,**

v.

**John F. MULCAHEY, District Director of Immigration and Naturalization, Respondent, Appellee.**

No. 5432.

United States Court of Appeals First Circuit.

Nov. 21, 1958.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appellant is subject to an order of deportation. This appeal is from an order of the United States District Court for the District of Massachusetts, entered November 7, 1958, dismissing a petition for a writ of habeas corpus and denying the writ. We have received from the district judge a communication dated November 18, 1958, stating as follows:

"The within case is a petition for habeas corpus. After denying the writ from the bench at the close of petitioner's case upon an oral finding I learned that there was a question as to the correctness of my understanding of a material part of the testimony. I thereafter ordered the relevant portion of the transcript, and found it less full than my notes. Accordingly I informed counsel that I would reopen. In the meantime a claim of appeal had been filed.

"Yesterday, at a hearing on bail, with the approval of appellant, I reopened the case and took evidence, and heard arguments of the parties,

and am now prepared to make further findings on the merits. I respectfully request that the case be sent back to me for this purpose."

It seems to us that this request should be granted and that the case should be remanded to the district court for the stated purpose. See Roemer v. Simon, 1875, 91 U.S. 149, 23 L.Ed. 267. Of course, appellant should not be cut short in his appeal time. Therefore we assume that the district judge will vacate his prior order of November 7, and after filing a new set of findings will enter an appropriate new order, from which an appeal can be taken in the usual course.

An order will be entered dismissing the present appeal without prejudice, and forthwith remanding the cause to the District Court for further proceedings not inconsistent with this opinion.